STATE of Iowa, Appellee,

v.

Christopher HAWK, Appellant.

No. 99–826.

Supreme Court of Iowa.

Sept. 7, 2000.

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kristin Mueller, Assistant Attorney General, John P. Sarcone, County Attorney, and Frank Severino and Jeff Noble, Assistant County Attorneys, for appellee.

NEUMAN, Justice.

This is an appeal by defendant, Christopher Hawk, from the judgment and sentence imposed upon his plea of guilty to the crime of second-degree robbery. *See* Iowa Code §§ 711.1, .3 (1997). Defendant cites two alleged grounds for reversal: (1) the trial court's failure to include an accounting of credit for time served in the defendant's sentencing order, and (2) the court's failure to appoint substitute counsel upon defense counsel's motion to withdraw. Because we conclude that the statutes governing credit for time served do not require the judicial accounting defendant seeks and, by pleading guilty, defendant waived any alleged error regarding appointment of counsel, we affirm the judgment of the district court.

The pertinent facts are not disputed. Hawk was arrested and charged with first-degree robbery following an incident involving his son and his son's girlfriend in a scheme to assault and rob an unsuspecting patron of a dating service. Eleven days prior to trial, Hawk's court-appointed counsel filed a motion to withdraw. The motion alleged a breakdown in the attorney-client relationship. Evidently Hawk had missed a deposition and other scheduled appointments with counsel.

At the motion hearing held six days later, Hawk claimed his inability to meet with counsel was due to "work-related situations." He asked for "a new lawyer, if possible" but admitted, upon questioning by the court, that he did not know how a new attorney could prepare for trial in less than a week. Further inquiry by the court revealed that discovery was completed and appointed counsel was committed to representing Hawk diligently at trial. The court overruled counsel's motion to withdraw, encouraging Hawk and his lawyer "to get together and get ready for trial."

Two days later, Hawk entered a plea of guilty to a reduced charge of robbery in the second degree. The plea negotiations also involved Hawk's plea of guilty to an unrelated charge of felony drug possession. The State, in exchange, agreed to concurrent sentencing. It also declined to pursue punishment of Hawk as an habitual offender, urged the court to forego enhanced sentencing on the drug charge, and agreed to dismiss a pending failure-to-appear charge.

In the sentencing proceedings that followed, the court entered judgment against Hawk in accordance with the plea agreement. Pertinent to this appeal, neither the court's oral pronouncement of sentence nor its written judgment entry mentioned credit for time served by Hawk following his plea of guilty or while awaiting transfer from the county jail to the department of corrections. The record reveals, however, that the sheriff certified to the clerk of court that the number of days so served was fifty-two.

This appeal by Hawk followed.

## I. Scope of Review.

We review Hawk's challenge to the trial court's application of pertinent sentencing statutes for correction of errors at law. *State v. Edgington,* 601 N.W.2d 31, 32 (Iowa 1999). Hawk's appeal of the court's ruling on counsel's motion to withdraw implicates his constitutional right to counsel, ordinarily reviewable by this court de novo. *State v. Thompson,* 597 N.W.2d

779, 782 (Iowa 1999). For reasons we will explain later in this opinion, however, we deem that argument waived.

## II. Issues on Appeal.

A. *Credit for time served.* Hawk claims this case must be reversed and remanded for resentencing because the trial court allegedly disregarded pertinent statutes governing a defendant's entitlement to credit for time served. Two statutes and one rule of criminal procedure are implicated by his argument. To begin, Iowa Code section 901.6 pertinently provides:

> In every case in which judgment is entered, the court shall include in the judgment entry the number of the particular section of the Code and the name of the offense under which the defendant is sentenced *and a statement of the days credited pursuant to section 903A.5 shall be incorporated into the sentence.*

(Emphasis added.)

Section 903A.5 governs the terms of an inmate's discharge from a penal institution. The statute authorizes credit for time served awaiting sentence as follows:

> [I]f an inmate was confined to a county jail or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence. *The sheriff of the county in which the inmate was confined shall certify to the clerk of the district court from which the inmate was sentenced the number of days so served. The clerk of the district court shall forward a copy of the certification of the days served to the warden.*

Iowa Code § 903.5 (emphasis added). In keeping with these statutes, Iowa Rule of Criminal Procedure 23(5)(b) directs that a defendant "shall receive full credit for time spent in custody under the sentence prior to correction or reduction."

Hawk contends that section 901.6 "mandates" that the court include the amount of credit for time served "in its order." The court's failure to do so, he asserts, puts him at risk of "needlessly forfeiting liberty due to oversight, or possible scrivener's error." The State counters that Hawk misreads section 901.6 and its import when read in harmony with section 903A.5 and rule 23(5)(b). We agree.

It is axiomatic that courts are obliged to consider a challenged statute in its entirety and *in pari materia* with other pertinent statutes. *State v. Byers,* 456 N.W.2d 917, 919 (Iowa 1990). The last sentence in section 901.6 contains two distinct directives. The first clause tells the trial court what must be included in the *judgment entry. See* Iowa Code § 901.6 (requiring court to include particular Code section and name of offense under which defendant is sentenced). The second clause addresses credit for time served, and directs that a statement of the days credited "shall be incorporated into the sentence." *Id.* Significantly, the credit includes post-sentence confinement in the county jail. That calculation, governed by section 903A.5 and performed by the sheriff—not the court—necessarily *follows* the oral rendition of sentence and the accompanying written judgment entry. The correct number of days could not logically be calculated otherwise. It is a calculation that could simply not be made by the judge at sentencing.

By its terms, section 903A.5 directs the sheriff to certify the number of days served to the clerk of court for the district "from which the inmate *was* sentenced." (Emphasis added.) Thereafter the calculation, as certified by the clerk, is forwarded to the warden. Iowa Code § 903A.5. Thus the inmate receives the benefit of credit for *all* time served under the sentence and that credit is "incorporated" into the sentence in accordance with section 901.6.

*See* Black's Law Dictionary 769 (7th ed.1999) ("incorporate" means "[t]o combine with something else," or "[t]o make the terms of another (esp.earlier) document part of a document by specific reference").

We therefore reject Hawk's contention that the trial court must, at sentencing or as part of a written judgment entry, announce the credit to which the defendant is entitled for time served. Neither the plain language of section 901.6 nor the practicalities of sentencing, outlined above, dictate such a requirement. To the extent Hawk draws his argument from a concession relied upon by our court of appeals to compel resentencing in *State v. Bean,* 474 N.W.2d 116, 122 (Iowa App.1991), we hereby overrule that portion of the opinion. We likewise reject dicta in *State v. Capper* that may be read to impose this ministerial function on the court. 539 N.W.2d 361, 366 (Iowa 1995) ("The court is required to incorporate into the sentence a statement of the days to be credited.")

■ We recognize that defendants may derive some reassurance from a court's statement that credit for time served will be allowed. But the fact that many judges include such a statement in the sentencing colloquy is essentially immaterial. The important concern, from the defendant's perspective, is that the proper credit is calculated pursuant to statute and incorporated into the sentence ultimately served. *See Capper,* 539 N.W.2d at 367 (ordering remand for resentencing where district court failed to grant inmate credit for court-ordered confinement at Iowa Medical and Classification Center). The record before us contains no proof that the governing statutes were not followed here. No ground for reversal appears.

■ B. *Denial of substitute counsel.* As an alternative ground for reversal, Hawk insists the court erred when it overruled defense counsel's motion to withdraw. He claims prejudice from "being forced to plead guilty using the services of an attorney whose loyalty to his cause must be questioned."

Given the favorable terms of the plea agreement, and the discretionary nature of the court's ruling on the eve of trial, we harbor serious reservations about the merits of Hawk's claim. *See State v. Brooks,* 540 N.W.2d 270, 272 (Iowa 1995). But we need not address the argument because error, if any, in the court's ruling was waived by Hawk upon his plea of guilty.

■ "With limited exceptions, not pertinent here, a guilty plea taken in conformity with Iowa Rule of Criminal Procedure 8(2)(b) waives all defenses and objections." *State v. Antenucci,* 608 N.W.2d 19, 19 (Iowa 2000). A defendant who seeks to challenge a guilty plea must do so by motion in arrest of judgment filed prior to sentencing. *Id.; State v. Worley,* 297 N.W.2d 368, 370 (Iowa 1980). "Failure to do so precludes the right to assert the challenge on appeal." *Antenucci,* 608 N.W.2d at 19; Iowa R.Crim. P. 23(3)(a).

The record before us reveals strict compliance by the trial court with the plea colloquy requirements of rule 8(2)(b). When asked by the court whether he was satisfied with the discussion and advice received from his counsel concerning the plea, Hawk replied, "Yes, sir." Thereafter the court advised Hawk of his limited right to challenge the plea by motion in arrest of judgment. No such motion was filed. Hawk's belated claim that the plea proceedings were tainted by the court's refusal to appoint substitute counsel has been waived.

**AFFIRMED.**