# IN THE SUPREME COURT OF IOWA

No. 24 / 05-1563

Filed May 4, 2007

**STATE OF IOWA,**

Appellee,

vs.

**HARLAN MOTT, JR.**

Appellant.

------------------------------------------------------------------------------

**HARLAN MOTT, JR.,**

Plaintiff,

vs.

**IOWA DISTRICT COURT
FOR POLK COUNTY,**

Defendant.

Appeal from the Iowa District Court for Polk County, Joel D. Novak (criminal) and Gregory A. Hulse (contempt), Judges.

Appellant contends the district court erred in ordering his imprisonment in the county jail instead of his commitment to the custody of the Iowa Department of Corrections. **WRIT ANNULLED; AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, John P. Sarcone, County Attorney, and Steve Foritano, Assistant County Attorney, for appellee.

**HECHT, Justice.**

This case requires us to determine whether Harlan Mott, who was sentenced to a jail term of one year in the county jail for a misdemeanor assault conviction and later ordered to consecutively serve an additional 150 days in a county jail as punishment for contempt committed during the trial on the assault charge, should be incarcerated in the county jail or committed to the custody of the director of the Iowa Department of Corrections. Mott claims his terms of imprisonment for assault and contempt constitute a "continuous term of imprisonment" in excess of one year for which the district court must commit him to the custody of the director of the Iowa Department of Corrections. The State contends the district court correctly ordered Mott confined in county jail because contempt may only be punished by imprisonment in a county jail pursuant to Iowa Code section 665.4 (2005). For the reasons that follow, we affirm the district court's order requiring Mott's confinement in the county jail and annul the writ.

## I.    Background Facts and Proceedings.

On August 29, 2005, a jury found Harlan Mott not guilty of tampering with a witness and guilty of assault causing bodily injury. The district court sentenced Mott to one year in the Polk County jail. Mott filed a notice of appeal.

A separate contempt proceeding followed as a consequence of an outburst by Mott, who screamed and sang profanity directed at the court on the second day of the criminal trial. The district court found, in an order filed on September 28, 2005, that Mott's outburst constituted contempt, in violation of sections 665.2(1) and 665.2(2). The court imposed a 150-day

term of imprisonment in the Polk County jail, to run consecutively to the sentence imposed in the underlying criminal action.

On October 21, Mott filed a pro se petition for writ of certiorari alleging the court was statutorily required to commit him to the custody of the director of the Department of Corrections rather than order his imprisonment in the county jail. *See* Iowa Code § 665.11 (indicating the proper procedure for challenging an order to punish for contempt is a petition for writ of certiorari). We issued the writ. Mott's certiorari action has been consolidated for our review with Mott's direct appeal from the August 29, 2005, order relating to the underlying criminal action.

## II.    Scope of Review.

Our review of the sentence imposed in a criminal case is for correction of errors at law. *See State v. Morris*, 416 N.W.2d 688, 689 (Iowa 1987); Iowa R. App. P. 6.4. The correctness of the district court's order directing that Mott's punishment for contempt be served in the county jail turns on the interpretation of a statute. We review questions of statutory construction for correction of errors of law. *State v. Vargason*, 607 N.W.2d 691, 695 (Iowa 2000).

## III.    Discussion.

Our analysis of whether Mott must be committed to the custody of the director of the Department of Corrections rather than imprisoned in the county jail under the circumstances of this case begins with section 901.8 ("consecutive sentences"). The statute provides, in relevant part, a "sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence," and "if consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment." Section 901.8 is

found in Iowa Code Title XVI ("Criminal Law and Procedure"), Subtitle 3 ("Criminal Corrections"). The references to sentencing in the language of the statute, considered in conjunction with its placement within the Code, plainly indicate that section 901.8 only applies when a defendant is ordered to serve multiple terms of imprisonment as a consequence of *criminal offenses.*

We conclude section 901.8 is inapplicable in this case. Mott received one criminal sentence—a one-year term of imprisonment—for assault. He was subsequently "punished," not "sentenced," for contempt pursuant to section 665.4, which expressly prescribes "*punishment* for contempt." (Emphasis added.) Contempt proceedings are quasi-criminal, not criminal, in nature. *See State v. Sharkey*, 574 N.W.2d 6, 7 (Iowa 1997) (citing *Phillips v. Iowa Dist. Ct.,* 380 N.W.2d 706, 708-09 (Iowa 1986)).

Because section 901.8 is inapplicable, the sentence for criminal assault and the punishment for contempt must be considered in isolation, not as "consecutive sentences" constituting "one continuous term of imprisonment." Mott's assault conviction resulting in a sentence of confinement for a period of one year must, under section 903.4, be served in the county jail. Mott must serve his separate punishment for contempt in the county jail, pursuant to section 665.4. Therefore, the district court correctly ordered Mott to serve all of the jail time in the county jail.

Our decision in this case must be distinguished from our prior decisions that have applied section 901.8 in cases presenting multiple criminal convictions. In *State v. Morris,* we vacated two concurrent, one-year county jail sentences for OWI, third offense, and a consecutive one-year county jail sentence for driving under suspension. 416 N.W.2d at 690. We concluded the multiple sentences constituted one continuous term of

imprisonment in excess of one year under section 901.8 for which the defendant must be committed to the custody of the director of the Department of Corrections pursuant to sections 903.4 and 901.7. *Id.* at 689-90. Similarly, in *State v. Kapell*, we vacated a five-day county jail sentence for driving under suspension, which was to be served consecutively to a sentence of no more than two years imprisonment for OWI, second offense, under the custody of the Department of Corrections. 510 N.W.2d 878, 880-81 (Iowa 1994). We again treated the consecutive sentences imposed following multiple criminal convictions as one continuous term of imprisonment under section 901.8 and consequently concluded section 903.4 required the defendant's commitment to the custody of the Department of Corrections for driving while his license was suspended. *Id.* *Morris* and *Kapell* are clearly distinguishable from the case now before the court because they involved the imposition of consecutive *criminal* sentences. In contrast, Mott was sentenced in only one criminal case, and the term of 150 days in the county jail constituted "punishment" for contempt, not a "sentence" for contempt.

**IV.    Conclusion.**

We conclude the district court did not err in ordering Mott to serve his terms of imprisonment for assault and contempt in the county jail. The writ is therefore annulled, and we affirm.

**WRIT ANNULLED; AFFIRMED.**