# IN THE SUPREME COURT OF IOWA

No. 12–0618

Filed November 1, 2013

**STATE OF IOWA,**

Appellee,

vs.

**DAVID HAL CALVIN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

A criminal defendant alleges the district court imposed an illegal sentence by not granting him credit for time served. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED IN PART, AND CASE REMANDED WITH INSTRUCTIONS.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Teresa M. Baustian, Assistant Attorney General, John P. Sarcone, County Attorney, and Jaki L. Livingston, Assistant County Attorney, for appellee.

**APPEL, Justice.**

In this case, we consider whether a criminal defendant is entitled to credit against a prison sentence for time spent prior to sentencing at the Iowa Residential Treatment Center (IRTC) and for time spent in jail as a result of drug court program violations. The district court denied credit. The defendant appealed, claiming the refusal to grant credit as required by law resulted in an illegal sentence. We transferred the case to the court of appeals. The court of appeals held that while the defendant was not entitled to credit for time served in jail for violations while participating in the drug court program, he was entitled to credit for time served at the IRTC. We granted further review. Upon further review, we conclude the defendant is entitled to credit for time spent at the IRTC and for time spent in jail as a result of drug court program violations.

## I. Procedural and Factual Background.

The State charged David Calvin with second-degree theft as a habitual offender and second-degree harassment. Calvin entered a guilty plea to the theft charge pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), and agreed to enter the Polk County drug court program, an intensive supervision program. Under the plea agreement, Calvin and the State agreed to jointly recommend he receive a suspended sentence if he successfully completed the program. If Calvin failed to successfully complete the program, the parties agreed Calvin would serve a prison sentence. The State also agreed to dismiss the harassment charge and another case pending in Polk County. The district court accepted Calvin's *Alford* plea on March 24, 2011, ordered him to remain in custody pending further court order, and ordered him brought to drug court program registration the following day.

On March 25, Calvin signed an "Intensive Supervision Court Release Agreement and Order," an "Intensive Supervision Court Contract," and an "Intensive Supervision Court Plea Agreement." All three documents outlined possible sanctions for violations of the drug court program, including jail time. The release agreement provided that Calvin could be "placed in jail immediately" for violations "of any term of [the] agreement." The contract provided that if Calvin failed to follow "the directives given [him]," he could be sanctioned with a "period of incarceration as determined by the judge" and that Calvin could be incarcerated for a failure to remain drug free. The plea agreement provided that "[s]erious violations that do not result in Defendant being removed from the program may result in short term jail stays as a penalty for breaking the rules." The plea agreement further provided that Calvin could be immediately arrested and incarcerated if he "violated the terms and conditions of Drug Court or [was] not making satisfactory progress." Finally, the release agreement contained a provision stating Calvin may be required to participate in residential treatment prior to release or to reside at a halfway house.

On the same day Calvin executed these documents, the district court entered an order requiring Calvin to participate in residential treatment at the IRTC, which is part of the Mount Pleasant Mental Health Institute. This order stated Calvin's substance abuse evaluation indicated a need for residential treatment. The order required the sheriff to transport Calvin to the facility. It also provided that if Calvin "leaves the treatment center at any time without an escort by the Polk County Sheriff's Office, the act of leaving shall be deemed an escape and defendant may be prosecuted on a separate criminal violation for such escape." It finally required Calvin to remain in the facility until

discharge, at which time the order required the sheriff to transport Calvin back to the Polk County jail to await continuing care arrangements.

According to his presentence investigation report, Calvin successfully completed treatment at the IRTC. After his discharge, however, Calvin's participation in the drug court program became problematic. He was arrested on a bench warrant for a violation of the drug court release agreement. As a result of the violation, Calvin was incarcerated for one night. The next day, the district court ordered that Calvin be released from jail and transported to the Harbor of Hope halfway house. The district court order directed, "Defendant shall remain in said facility until successful discharge . . . ."

After his transfer to the halfway house, Calvin was found in contempt for a violation of the program's rules. As a result, Calvin was incarcerated in the Polk County jail for five days and released, though the record does not reveal the circumstances of his release. Shortly thereafter, the district court issued a warrant for Calvin's arrest for another violation of the terms of the drug court program. Allegedly, Calvin had absconded from the halfway house. Authorities arrested Calvin almost six months later.

In light of the repeated infractions, on March 16, 2012, the district court removed Calvin from participation in the drug court program and imposed a sentence for second-degree theft as a habitual offender, pursuant to the plea bargain. The district court sentenced Calvin to serve fifteen years in prison, subject to a mandatory minimum of three years. The district court denied Calvin credit for time served between March 25, 2011, and March 16, 2012, because he was a participant in the drug court program during those dates. Calvin appealed.

Calvin claimed the district court imposed an unlawful sentence by failing to give him credit for time served when he was under the supervision of the drug court program. Specifically, Calvin argued that he was entitled to credit for time spent in jail, with the exception of time served pursuant to a contempt order, and that he was entitled to time spent at the IRTC. The court of appeals found Calvin was entitled to credit for time served at the IRTC, but not for time served in jail due to violations of drug court program rules. As a result, the court of appeals affirmed in part and reversed in part the order of the district court and remanded the case for resentencing.

Calvin sought further review, which we granted. He claims the court of appeals erred in finding that he was not entitled to credit for time spent in jail while he was under drug court supervision. Calvin concedes time spent in jail as a result of a contempt order does not qualify for credit against the district court's sentence. Calvin claims, however, that he is entitled to credit for the time he spent in jail as a penalty for violating drug court program rules and for time spent at the IRTC.

**II. Standard of Review.**

We review "the trial court's application of pertinent sentencing statutes for correction of errors at law." *State v. Hawk*, 616 N.W.2d 527, 528 (Iowa 2000); *see also State v. Mott*, 731 N.W.2d 392, 394 (Iowa 2007).

**III. Discussion.**

**A. Overview of Iowa Law Regarding Sentencing Credit.** Calvin seeks credit for jail time served prior to his conviction and sentence for second-degree theft as a habitual offender. The parties cite two provisions of Iowa law that relate to credit for time served prior to

conviction: Iowa Rule of Criminal Procedure 2.26(1)(*f*) and Iowa Code section 903A.5(1) (2011). Iowa Rule of Criminal Procedure 2.26(1)(*f*) provides:

> *Days in jail before trial credited.* The defendant shall receive full credit for time spent in custody on account of the offense for which the defendant is convicted.

Iowa Code section 903A.5(1) provides, in relevant part:

> If an inmate was confined to a county jail . . . or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence.

Although our caselaw under these provisions is sparse, a handful of precedents have at least some bearing on the issues raised in this appeal. In *Mott*, we considered whether a defendant's time in jail as a consequence of a contempt order following his profanity-laden outburst in court should be considered part of a continuous term of imprisonment under Iowa Code section 901.8 (2005). 731 N.W.2d at 393–94. We determined section 901.8, which pertains to consecutive sentences, only applies when a district court sentences a defendant to multiple sentences for criminal offenses. *Id.* at 394. Because the contempt statute expressly prescribed " '*punishment* for contempt' " and because prior caselaw indicated contempt proceedings were "quasi-criminal, not criminal, in nature," we held that incarceration for contempt did not equate to incarceration for a criminal offense. *Id.* (quoting Iowa Code § 665.4). Consequently, we held that section 901.8 did not apply and that the defendant's sentence for a criminal offense and his punishment for contempt had to be considered separately, not as " 'consecutive sentences' constituting 'one continuous term of imprisonment.' " *Id.*

(quoting Iowa Code § 901.8). We concluded the defendant had to serve his one-year sentence for assault causing bodily injury, a criminal offense, and his punishment for contempt separately in the county jail. *Id.* We further distinguished other cases where a defendant received sentences for multiple criminal offenses as opposed to the one criminal offense in *Mott.* *Id.* at 394–95. *Mott*, however, did not involve an interpretation of either Iowa Rule of Criminal Procedure 2.26(1)(*f*) or Iowa Code section 903A.5(1) (2011), nor did it involve sanctions for violations of drug court program regulations.

In an unpublished opinion cited by the State, the court of appeals held jail time resulting from contempt for failure to comply with the terms of a drug court program and subsequent time spent at the Harbor of Hope facility did not entitle a defendant to credit against the underlying criminal sentence. *See State v. Greening*, No. 10–0935, 2011 WL 768744, at *1–2 (Iowa Ct. App. Mar. 7, 2011). The court of appeals reasoned that jail time for contempt was not " 'on account of the offense for which the defendant is convicted.' " *Id.* at *1 (quoting under Iowa Rule of Criminal Procedure 2.226(1)(*f*)).

We have one case where we considered whether a defendant was entitled to credit under Iowa Code section 903A.5(1) for time served during a mental health examination and evaluation. *See State v. Capper*, 539 N.W.2d 361, 366–67 (Iowa 1995), *overruled on other grounds by Hawk*, 616 N.W.2d at 530. In *Capper*, a defendant charged with sex crimes was out on bail at the time he informed the district court he intended to rely on the defenses of insanity and diminished responsibility. *Id.* at 363, 366–67. Pursuant to a court order, the sheriff transported the defendant to the Iowa Medical Classification Center at Oakdale (IMCC) for psychiatric and physical examination and evaluation

"to determine his competency at the time of the alleged offenses." *Id.* at 366.

We concluded the defendant was entitled to credit under Iowa Code section 903A.5(1). *Id.* at 367. Even though the defendant was out on bail prior to the examination and evaluation at IMCC, we emphasized that "he was committed to the institution by court order," that "[h]e was in the physical custody of the sheriff while being transported to and from the state institution," and that he "was in the custody of the institution and the court while at IMCC." *Id.* The situation in *Capper* was thus unlike that in *State v. Wiese,* 342 N.W.2d 858, 860–61 (Iowa 1984), where we refused to grant credit to a defendant convicted of operating a motor vehicle while intoxicated for time voluntarily spent in an alcohol treatment center after his arrest but prior to his conviction. *See Capper,* 539 N.W.2d at 367 (distinguishing *Wiese*).

**B. Positions of the Parties**. Calvin concedes that under *Mott* he is not entitled to credit for jail time served as a result of contempt. He argues, however, that he is entitled to credit for the remaining time spent in jail while under the supervision of the drug court that was not pursuant to a contempt order. For this jail time, Calvin distinguishes *Mott* by noting the defendant in that case was incarcerated for contempt, which meant the defendant was entitled to a notice to show cause, unless the contempt occurred in the presence of the court, and an order stating the facts and circumstances of the incarceration. *See* Iowa Code §§ 665.7, .10; *Mott,* 731 N.W.2d at 393–94. Calvin argues his situation involves a summary penalty for alleged violations of drug court program rules without a finding of contempt.

Calvin further claims he is entitled to credit for the time he was at the IRTC for inpatient treatment. Calvin notes he was ordered to be

transported to the IRTC for inpatient treatment. According to Calvin, the IRTC qualifies as a "mental facility" under Iowa Code section 903A.5(1).

The State, citing *Greening*[1] and relying on the language of Iowa Rule of Criminal Procedure 2.26(1)(*f*), responds that Calvin is not entitled to credit for time spent in jail for drug court program violations because the violations were not on account of the offense for which Calvin was convicted. Moreover, the State argues section 903A.5(1) only authorizes credit for time served "while awaiting sentencing" and does not expressly authorize credit for any time served while under the supervision of the drug court. The State does not directly address Calvin's contention that he is entitled to credit for time participating in the inpatient treatment program at the IRTC.

**C. Analysis.**

1. *Credit for time served in jail for drug court program violations.* We first consider whether Calvin is entitled to credit for jail time he served for violations of the drug court program rules other than time served for contempt. There is no question that Calvin was confined in the county jail prior to sentencing. The only question is whether Calvin's jail time was the kind of involuntary confinement for which he was entitled to credit under Iowa law.

We conclude Calvin is entitled to credit for noncontempt violations of the drug court program.[2] We rely primarily on the language of Iowa

---

[1]Iowa Rule of Appellate Procedure 6.904(2)(*c*) provides that "[a]n unpublished opinion or decision of a court . . . may be cited in a brief if the opinion or decision can be readily accessed electronically. Unpublished opinions or decisions shall not constitute controlling legal authority."

[2]Because Calvin does not claim credit for time spent in jail for contempt, we do not address whether the approach in *Mott* is applicable to contempt arising out of drug court program violations where the failure to complete the program has an impact on sentencing for the underlying offense.

Code section 903A.5(1), which grants credit for time served in a county jail prior to sentencing. While rule 2.26(l)(*f*) employs the phrase "on account of the offense for which the defendant is convicted" that language is absent from section 903A.5(1). We believe the rule should be interpreted in tandem with the statutory provision. Our rule was designed to implement, not to add to or subtract from, the credit the legislature granted in the statute.

The jail time for which Calvin seeks credit was a penalty that was part and parcel of an intensive supervision program. While we recognize *Mott* stands for the proposition that a jail term for contempt does not trigger credit under Iowa Code section 903A.5(1), the actions that led to contempt in *Mott* had no bearing whatsoever on the guilt or sentencing phase of the ongoing criminal proceeding. The defendant in *Mott* was found in contempt following his profane outburst directed at the court during trial. 731 N.W.2d at 393–94. In Calvin's case, however, Calvin's success in the program was directly related to the ultimate sentence to be imposed. The parties had agreed to jointly recommend that he receive a suspended sentence upon his successful completion of the program and that he would serve a prison sentence if he failed to complete the program. Calvin's participation in the program was intended to provide an opportunity for him to realize the benefits of a plea bargain that would lead to a lesser sentence. Thus, while the jail time for contempt in *Mott* was entirely unrelated to the guilt or sentencing phases of the defendant's trial on the underlying offense, the same cannot be said in Calvin's case.

We also believe a closer analogy can be found in cases where a criminal defendant is released pending trial, but is later arrested and incarcerated for violations of a pretrial release agreement. Such

incarceration is not independent punishment, but rather simply part and parcel of the underlying criminal process. *See Commonwealth v. Nicely*, 326 S.W.3d 441, 447–48 (Ky. 2010) (granting credit for time served in jail for drug court program violations as analogous to time spent in jail for violations of probation not warranting probation revocation).

An examination of section 903A.5(1) supports Calvin's claim to credit for time served in jail as a penalty for drug court program violations. Clearly, Calvin was an inmate confined "to a county jail . . . at any time prior to sentencing." The statute does not carve out an exception for jail time as a result of drug court program sanctions. *See* Iowa Code § 903A.5(1); *see also State v. Poston*, 73 P.3d 1035, 1036–37 (Wash. Ct. App. 2003) (awarding credit for time spent in jail for violations of drug court program conditions under a statute that did not distinguish presentence confinement imposed by a drug court from other court-ordered presentence confinement). As a result, the initial requirements for credit under section 903A.5(1) have been met.

The next question is whether the phrase "because of failure to furnish bail or because of being charged with a nonbailable offense" is a statutory requirement Calvin failed to meet. Iowa Code § 903A.5(1). We think it is not. The thrust of the language is that, once a charge has been brought, a defendant is entitled to credit for presentence jail time regardless of the defendant's bail status at the time of the incarceration for which credit is sought. *See State v. Harrison*, 468 N.W.2d 215, 217–18 (Iowa 1991) (denying credit for time served prior to the filing of charges). In other words, whether Calvin could have bailed out of the county jail where he was incarcerated as a result of his drug court program violations is irrelevant to the credit issue as long as he did, in fact, serve time in the county jail.

2. *Credit time served at the IRTC.* The record reflects that Calvin was sent to the IRTC for residential treatment as part of his participation in the Polk County drug court program. Under Iowa Code section 903A.5(1), time served in a mental health institution may qualify for credit. Under our holding in *Capper,* the fact that a defendant was out on bail prior to the evaluation does not disqualify the defendant from receiving credit for the time of examination and evaluation under Iowa Code section 903A.5(1). 539 N.W.2d at 366–67.

We conclude Calvin is entitled to credit for the time he was in residential treatment at the IRTC. No one questions that the IRTC qualifies as a mental facility under section 903A.5(1). There is also no question that Calvin was confined at the IRTC. The order for treatment and transport to the facility emphasized that if Calvin left the facility without a proper escort, the act would be deemed an escape for which Calvin could be separately prosecuted. Under our interpretation of Iowa Code section 903A.5(1), bail status is irrelevant to this issue.

Further, Calvin's confinement at the IRTC was related to his underlying sentence. Successful completion of the residential treatment was a required part of his participation in the drug court program. Thus, unlike the situation in *Mott,* the time Calvin spent at the IRTC was related to the ultimate sentence in the underlying criminal proceeding. As a result, Calvin is entitled to credit for the time he spent confined in the mental facility pursuant to Iowa Code section 903A.5(1).

**D. Remedy.** The proper remedy when a district court fails to grant a defendant credit for court-ordered confinement is to remand the case for a modification of the sentencing order to grant the defendant proper credit. *See id.* at 367; *see also Hawk,* 616 N.W.2d at 529–30 (rejecting a contention that a district court must calculate the amount of

credit for time served). Accordingly, we remand the case to the district court to modify its sentencing order to grant Calvin credit for time served in residential treatment at the IRTC and in the county jail as punishment for violations of the drug court program, but not for time served in the county jail for contempt.

## IV. Conclusion.

For the above reasons, we vacate the decision of the court of appeals and vacate in part the sentence of the district court. We remand the matter to the district court to modify its sentencing order in accordance with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED IN PART, AND CASE REMANDED WITH INSTRUCTIONS.**