# IN THE COURT OF APPEALS OF IOWA

No. 13-1260
Filed May 14, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EMMANUEL J. BERRYMAN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.


        Defendant appeals his sentencing for domestic abuse assault resulting in bodily injury and petitions for a writ of certiorari for his contempt punishment. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Martha Trout, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine and Steve Berger, Assistant County Attorneys, for appellee.


        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Emmanuel J. Berryman appeals a sentence of ninety days in jail for domestic abuse assault resulting in bodily injury and a fifty-day term of incarceration for contempt. Berryman argues the district court erred in failing to provide specific reasons for ordering consecutive sentences. We affirm Berryman's sentence on the criminal conviction and annul the writ challenging his term of incarceration for contempt.

## I. BACKGROUND FACTS AND PROCEEDINGS.

In February 2013, a criminal complaint was filed against Emmanuel Berryman alleging he committed domestic abuse assault resulting in bodily injury. On the same day, a no contact order was entered restraining Berryman from any contact with the victim. The State filed a trial information in March, charging Berryman with domestic abuse assault resulting in bodily injury and domestic abuse assault by strangulation. In June, the State filed a complaint alleging Berryman violated the no-contact order.

At the July plea and sentencing hearing, Berryman stipulated he violated the no-contact order and entered a guilty plea to the domestic abuse assault resulting in bodily injury charge, pursuant to a comprehensive plea agreement. The State agreed to dismiss the charge of domestic abuse assault by strangulation. The State recommended a ninety-day jail term for contempt, as punishment for Berryman's violation of the no-contact order, and a ninety-day jail term for domestic abuse assault resulting in bodily injury. The State argued the jail terms should run consecutively, while Berryman argued the jail terms should

be concurrent. After accepting Berryman's guilty plea to the charge of domestic abuse assault resulting in bodily injury, the district court sentenced Berryman to a ninety-day jail term for domestic abuse assault resulting in bodily injury and imposed a fifty-day jail term for contempt. The court ordered the jail terms be run consecutively and dismissed the charge for domestic abuse assault by strangulation. Berryman filed a timely notice of appeal of the sentences in August 2013.

## II. PRESERVATION OF ERROR.

Berryman timely filed a notice of appeal for his sentence for domestic abuse assault resulting in injury. However, a defendant punished for contempt has no right to appeal. Iowa Code § 665.11 (2013). A defendant may challenge a finding of contempt by filing a writ of certiorari. *Id.* Berryman requests his notice of appeal be treated as a petition for writ of certiorari to the extent his appeal challenges his punishment for contempt. The State argues the appeal should not be considered because Berryman failed to petition for writ of certiorari. Iowa Rule of Appellate Procedure 6.108 states that if "the appellate court determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested." We grant Berryman's request and will treat this appeal as a writ of certiorari to the extent it challenges Berryman's punishment for contempt.

## III. STANDARD OF REVIEW.

We review sentencing decisions for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When a sentence does not fall

outside statutory limits, we will overturn the sentence only "for an abuse of discretion or the consideration of inappropriate factors." *Id.* Punishment for contempt requires interpretation of a statute; thus our review is for correction of errors of law. *State v. Mott,* 731 N.W.2d 392, 394 (Iowa 2007).

## IV. ANALYSIS.

A district court must give reasons for "selecting a particular sentence" and "its decision to impose consecutive sentences." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). The district court here did state on the record reasons for imposing the sentence but did not specify why it imposed a "consecutive sentence." Berryman argues the district court erred by not giving sufficient reasons for imposing a consecutive sentence. The State argues the district court did not impose consecutive sentences but instead imposed one sentence for domestic abuse assault resulting in injury and one *punishment* for contempt. Because only one jail term was a sentence, the district court did not err by not giving reasons for ordering the jail terms to run consecutively.

The Iowa Supreme Court held in *Mott* that a term of incarceration for contempt is not a sentence but a punishment. 731 N.W.2d at 394. Contempt is not a criminal offense but is the way in which a court may punish certain actions by a defendant. *Id.; see also* Iowa Code § 665.2 (providing which acts constitute contempt); Iowa Code § 664A.7 (providing that a violation of a no-contact order is "punishable by summary contempt proceedings"). The *Mott* court held that a sentence for assault and a punishment for contempt did not constitute "consecutive sentences" under Iowa Code section 901.8, even when the

defendant was given two terms of incarceration. 731 N.W.2d at 394. Instead, the two terms of incarceration are isolated from one another, even if one begins immediately after the first ends. *See id.*

Berryman relies upon section 901.5(9)(c), which requires the district court to announce "[i]n the case of multiple sentences, whether the sentences shall be served consecutively or concurrently." This code section does not apply to Berryman because he was not given "multiple sentences"—he was given one sentence for a criminal offense and one punishment of incarceration for contempt. It necessarily follows from *Mott* that since Berryman was *sentenced* to jail for domestic abuse assault resulting in injury and also *punished* for contempt by a term of incarceration, then Berryman's terms of incarceration are not "consecutive sentences." *See id.* Because Berryman was not sentenced to "consecutive sentences," the district court was not required to give specific reasons for ordering Berryman to serve two terms of incarceration, one beginning after the other ends. Berryman's sentence is there affirmed, and the writ challenging the punishment for contempt is annulled.

**AFFIRMED; WRIT ANNULLEED.**