# IN THE COURT OF APPEALS OF IOWA

No. 16-0798
Filed March 22, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CLIFTON DUSHAWN LUCKETT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Michael G. Dieterich, District Associate Judge.

Clifton Luckett appeals following conviction of absence from custody.
**VACATED IN PART AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kristin Guddall, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Clifton Luckett appeals following conviction of a violation of Iowa Code section 719.4(3) (2016), absence from custody.  He contends there is insufficient evidence he "was knowingly and voluntarily absent from the place he was required to be."  Luckett also argues the district court failed to give adequate reasons for imposing consecutive sentences.

Section 719.4(3) provides: "A person who has been committed . . . to a jail . . . , who knowingly and voluntarily is absent from a place where the person is required to be, commits a serious misdemeanor."

On January 20, 2016, Luckett was granted a furlough from the Des Moines County Jail to visit the Iowa Workforce Development for a job search. The order authorizing his furlough provided:

> Defendant is granted a furlough to visit Iowa Workforce Development (IWD) . . . and shall travel in a direct route to and from this address, and only to this address.  The furlough shall be on Thursday, January 21, 2016, and Friday January 22, 2016, beginning each day at 8:00 a.m.  Defendant shall report back to the jail within four hours.  If he does no job searches, he must report back by 11:00 a.m.  He must provide written document[ation] for all places at which he searches for employment.  Defendant shall be responsible for obtaining his/her own transportation but his transportation and the driver must be approved in advance by the jail staff.  Defendant may not go to any residence during the furlough or associate with others that are not prospective employers or members of IWD.  If the Defendant has a job interview or needs additional time to search he can renew his request with more specifics.  The Court declines to extend an open ended furlough to a person serving jail time or being held on bond pending hearing.  Any violation of this Order or the other orders of the jail staff shall result in immediate suspension of the furlough.

On January 22, Luckett checked out of the Des Moines County Jail at 7:57 a.m. and checked back in at 5:00 p.m.  Upon returning to the jail, Luckett

provided documentation that he had job interviews while on furlough; the last interview ended at 12:10 p.m.

On January 25, Correctional Officer Brenda Schnedler spoke with Luckett about the furlough. Luckett told her he knew he had been five hours late. When she explained that he could face charges over it, "he laughed about it and said, no, they can't do anything, but they can take away my furlough. I'm only here for another forty-five days. It doesn't matter to me."

Luckett was charged with a violation of section 719.4(3). A jury found him guilty, and the district court sentenced Luckett to 365 days in jail to be served consecutive to another sentence. Luckett now appeals.

Luckett argues his trial counsel did not offer effective assistance of counsel and failed to make a specific objection to the sufficiency of the evidence he knowingly and voluntarily was absent from a place where he was required to be. His defense was that the furlough order indicated a violation would result in the revocation of furlough—not the imposition of criminal charges. And the jail rule relied upon (number 11) states, "Failure to return to the Correctional Center will result in a charge of Absent from Custody." He argues the rule does not state failure to return "on time" would result in such a charge. Luckett argues he returned to the jail voluntarily.

We review ineffective-assistance-of-counsel claims de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To succeed on a claim of ineffective assistance, a defendant must show (1) defense counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Graves*, 668 N.W.2d 860, 869

(Iowa 2003). Unless the defendant proves both elements, the ineffective-assistance claim fails. *Clay*, 824 N.W.2d at 495.

Even were we to find defense counsel's sufficiency objection was not specific enough to preserve error, *see State v. Taylor*, 310 N.W.2d 174, 177 (Iowa 1981),[1] Luckett has not proved prejudice. There is substantial evidence—including Luckett's own statements—from which the jury could find Luckett knew he was required to be at the jail and was knowingly and voluntarily absent for several hours. That Luckett misunderstood the possible consequences of his intentional act does not negate his knowing and voluntary absence.

Luckett also asserts the trial court gave insufficient reasons for the sentence imposed. The district court is required to state on the record its reasons for imposing a particular sentence. Iowa R. Crim. P. 2.23(3)(d). This includes its reasons for its determination whether two individual sentences run concurrently or consecutively. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010); *see also State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016) (noting "the stated reasons in this case were insufficient 'to allow appellate review of the trial court's discretionary action' to impose a consecutive sentence" (citation omitted)).

Here, at the sentencing hearing, the State asked that the sentence on this charge run consecutive to a sentence Luckett was serving in case FECR006812, where Luckett had pled guilty to first-degree theft and had been placed on

---

[1] "It is incumbent upon the objecting party to lodge specific objections so the trial court is not left to speculate whether the evidence is in fact subject to some infirmity that the objection does not identify. Every ground of exception that is not particularly specified is considered abandoned." *Taylor*, 310 N.W.2d at 177 (citations omitted).

probation. The State noted the felony-theft conviction occurred just the prior year and Luckett had since been found in contempt of court for probation violations twice, which was why he was in jail when the instant offense occurred. The district court stated at the hearing:

> I've considered the statements of counsel, and I've considered your past record. And I'm giving the reasons for the sentencing I'm about to impose. In my opinion my job is to deter other people from this kind of conduct. Hopefully you'll rehabilitate and learn to follow the rules.
> I'm going to sentence you to one year, and it will run consecutive to FECR006812. Bond on appeal is $5000. The fine will be a minimum $315, together with surcharge and court costs, and you'll be ordered to pay the attorney's fees.

The written judgment entry stated the sentence was "based upon negotiations of the parties and acting pursuant to Sections 901.5 and 903.1 of the Code." We acknowledge there were no negotiations of the parties.

The State claims the district court did not have discretion because Luckett stipulated he was incarcerated for the commission of the offense in FECR006812 while he was in jail. But at sentencing, the State repeatedly said Luckett was in jail for contempt. And the court *did* have discretion here as Iowa Code section 901.8[2] was inapplicable. *See State v. Mott*, 731 N.W.2d 392, 394 (Iowa 2007) ("We conclude section 901.8 is inapplicable in this case. [The defendant] received one criminal sentence—a one-year term of imprisonment—for assault. He was subsequently 'punished,' not 'sentenced,' for contempt pursuant to section 665.4, which expressly prescribes '*punishment* for contempt.'").

---

[2] Section 901.8 provides in part, "If a person is sentenced for escape under section 719.4 *or for a crime committed while confined in a detention facility* or penal institution, the sentencing judge *shall order the sentence to begin at the expiration of any existing sentence.*" (Emphasis added.)

"Contempt proceedings are quasi-criminal, not criminal, in nature." *Id.* at 394 (citing *State v. Sharkey*, 574 N.W.2d 6, 7 (Iowa 1997)). Luckett was serving a punishment for contempt and received a jail sentence for absence from custody. Consequently, there were not two "sentences" to run consecutively, the jail time for the contempt punishment and the sentence "must be considered in isolation and not as 'consecutive sentences' constituting 'one continuous term of imprisonment.'" *Mott*, 731 N.W.2d at 394.

To the extent Luckett is also challenging the adequacy of the reasons provided for the sentence imposed solely for the offense of absence from custody, we conclude the "terse and succinct" statement of the district court is sufficient to allow for a proper review of the court's sentencing discretion. *See State v Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The court had the benefit of presiding over the jury trial and acknowledged considering the statements of counsel. The court also relied upon the defendant's past criminal history, the need for deterrence, and Luckett's need for rehabilitation. We find no abuse of discretion.

We, thus, vacate the part of the sentencing order that imposes consecutive sentences and remand for entry of a corrected sentencing order to reflect the sentence for absence from custody is not consecutive to the contempt punishment in FECR006812, but rather is a sentence that begins at a specified date or simply upon completion of the contempt punishment.

**VACATED IN PART AND REMANDED WITH DIRECTIONS.**