# IN THE COURT OF APPEALS OF IOWA

No. 16-1357
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TARIYON ROBINSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carol L. Coppola, District Associate Judge.

        Tariyon Robinson appeals the sentence imposed upon his conviction of escape. **AFFIRMED.**

        Tabitha L. Turner of Turner Law Firm, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Tariyon Robinson left the Fort Des Moines Correctional Facility for sixty days. He subsequently pled guilty to escape. *See* Iowa Code § 719.4(3) (2015). On appeal, Robinson argues the district court erred in failing to give him credit for time served in jail on the escape charge.

An inmate generally is entitled to credit for time served, as follows:

> An inmate shall be deemed to be serving the sentence from the day on which the inmate is received into the institution. If an inmate was confined to a county jail, municipal holding facility, or other correctional or mental facility at any time prior to sentencing, . . . the inmate shall be given credit for the days already served upon the term of the sentence.

*Id.* § 903A.5(1); *see also* Iowa R. Crim. P. 2.26(1)(f) ("The defendant shall receive full credit for time spent in custody on account of the offense for which the defendant is convicted."). An exception to the rule states, "[I]f a person commits any offense while confined in a county jail, municipal holding facility, or other correctional or mental health facility, the person shall not be granted credit for that offense." Iowa Code § 903A.5(1).

Robinson fell within the exception to the rule. He committed an "offense"—the crime of escape—while he was "confined" in a "correctional" facility. Under the plain language of section 903A.5(1), he was not entitled to credit for time served.

Notwithstanding this plain language, Robinson argues the crime of escape does not fall within the exception. In his view, the exception in section 903A.5(1) requires denial of credit for time served only for crimes committed inside a correctional facility. Because he was outside, he suggests he should receive

credit for time served. He points to Iowa Code section 901.8, which states, "If a person is sentenced for escape under section 719.4 *or* for a crime committed while confined in a detention facility or penal institution, the sentencing judge shall order the sentence to begin at the expiration of any existing sentence." (Emphasis added.) He concedes section 901.8 does not speak to the question of credit for time served. He also does not dispute that the effect of section 901.8 is the same for escape and other crimes. But because the provision separates escape from the category of crimes committed inside a penal institution, he asserts the language lends credence to his reading of the section 903A.5(1) exception.

If we were to accept Robinson's reading, "any offense while confined in a . . . correctional . . . facility" would read "any offense *other than escape* while confined in a correctional facility." *See id.* § 903A.5(1). We see no reason to rely on an unrelated statute to discern the meaning of a plain and unambiguous statute and to read in language that the legislature declined to include. *See Exceptional Persons, Inc. v. Iowa Dep't of Human Servs.*, 878 N.W.2d 247, 251 (Iowa 2016) ("When the plain language of a statute or rule is clear, we need not search for meaning beyond the statute's express terms."). We conclude the district court did not err in denying Robinson's request for credit for time served. *See State v. Calvin*, 839 N.W.2d 181, 184 (Iowa 2013) (setting forth standard of review).

Robinson also appears to argue that the district court erred in requiring his sentence to be served consecutively with his other crimes. But section 901.8 states, "If a person is sentenced for escape under section 719.4 . . . , the

sentencing judge shall order the sentence to begin at the expiration of any existing sentence."

We affirm the district court's sentencing order in its entirety.

**AFFIRMED.**