## IN THE COURT OF APPEALS OF IOWA

No. 18-1805
Filed September 11, 2019

**JARAMYA WILLIAM CAMPBELL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney, Judge.

Jaramya Campbell appeals the denial of his application for postconviction relief. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**

Angela Campbell of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Jaramya Campbell appeals the denial of his application for postconviction relief (PCR). He argues the sentences imposed upon his convictions in two criminal cases, which were ordered to be served consecutively and with some time served at the county jail, were illegal. Because we agree that the underlying sentence for one of his criminal convictions illegally ordered that he serve a 45-day term in jail rather than in the custody of the Iowa Department of Corrections, we reverse the PCR court's ruling denying his application for PCR with respect to that sentence, and we remand with instructions. We affirm the PCR court's ruling in all other respects.

### I. Background Facts and Proceedings.

In 2015, Jaramya Campbell was charged with several sex-related crimes in Marshall County (docket number FECR087710). A no-contact order was issued in that case. Around the same time, Campbell was charged with several sex-related crimes in Hamilton County (docket number FECR338972).

In February 2016, and again in July 2016, Campbell was found in contempt for violating the no-contact order in FECR087710. He was sentenced to serve twenty-one days in the Marshall County Jail for the two contempts.

Campbell later was charged with absenting from custody, a serious misdemeanor, in violation of Iowa Code section 719.4(3) (2016), (docket number FECR089563). Campbell ultimately pled guilty to the offense.

In FECR087710, Campbell entered, and the court accepted, an *Alford Plea*[1] to the charge of assault with intent to commit sexual abuse, an aggravated misdemeanor, in violation of Iowa Code section 709.11(3) (2015). The other counts against Campbell were dismissed. Before sentencing in FECR089563 and FECR087710, Campbell was again found in contempt in FECR087710 for violating the no-contact order ten more times.

Campbell's sentencing hearing for the pending matters in FECR089563 and FECR087710 came before the court in November 2016. For his ten contempt convictions in FECR087710, Campbell was ordered to serve 160 days in jail. Campbell was also sentenced for his conviction in FECR089563 to forty-five days in jail. The court ordered the periods of confinement to run consecutive to one another. After giving Campbell credit for time served, Campbell was ordered to serve a total of 226 days in jail for his contempt and absenting convictions.

On his conviction for assault with intent to commit sexual abuse in FECR087710, Campbell was sentenced to an indeterminate term of incarceration not to exceed two years. The court ordered the sentence to run consecutive to his sentence of 226 days in jail. The court specified:

> Commitment shall commence upon the conclusion of [Campbell's] 160-day sentence for contempt in [FECR087710]. That is, [Campbell] will be placed [with the Iowa] Department of Corrections after [he] has served a total of 226 days (160 plus 45 plus 21) in the custody of the Marshall County sheriff.
> [Campbell] is entitled to credit upon his sentences for the number of days served in confinement prior to sentencing, and the Sheriff shall certify . . . the number of days so served, pursuant to Iowa Code section 903A.5. [Campbell] shall not receive credit for

---

[1] An *Alford* plea is a variation of a guilty plea; a defendant, while maintaining innocence, acknowledges that the State has enough evidence to win a conviction and consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

time served until he has served 226 days in the custody of the sheriff . . . .

Additionally, under sections 901.5(13) and 903B.2, Campbell was ordered to serve a special sentence for a period of ten years, with eligibility for parole under chapter 906.

In 2017, Campbell applied for PCR. He asserted the sentences imposed by the district court in FECR089563 and FECR087710 were illegal because the sentencing judge lacked the authority to order all 226 days of his sentence be served in county jail before serving his two-year prison sentence. Before the court ruled on his PCR application, Campbell was found guilty in FECR338972 of two counts of third-degree sexual abuse, a class C felony, in violation of Iowa Code section 709.4(1)(a) and (b)(2). Campbell was sentenced to two ten-year terms of incarceration, to "be served consecutive to each other" and to "also be served consecutive to the sentence imposed in . . . FECR087710." Campbell was also sentenced to a special sentence under sections 901.5(13) and 903B.1, "committing him into the custody . . . of the Department of Corrections for the rest of his life, with eligibility for parole as provided in Chapter 906," to "commence immediately and he shall begin the sentence as if on parole."

In the PCR matter, the district court ultimately found Campbell did not establish any illegality about his sentence in FECR089563 and FECR087710. The court therefore denied Campbell's PCR application.

Campbell appeals.

## II. Discussion.

Campbell contends that because he had to serve his jail sentence before his prison sentence, "he was denied the ability to earn good time credit on the 226 days that he served in county jail, which resulted in an illegal sentence." Stated another way, had Campbell been required to serve his 226 days in prison before starting his two-year sentence, Campbell argues he would have served less time, once earned time was factored in. The State argues the matter is moot, since Campbell has already served his 226 days in jail and because of the sentence imposed in FECR338972, but in any event, it asserts Campbell's argument is unfounded. Our review is for correction of errors at law. *See Ruiz v. State*, 912 N.W.2d 435, 439 (Iowa 2018).

### A. Mootness.

Campbell does not dispute that he has discharged his jail sentences. "A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." *Toomer v. Iowa Dep't of Job Serv*., 340 N.W.2d 594, 598 (Iowa 1983). Generally, discharge of a sentence renders a challenge to the sentence moot. *See Lane v. Williams*, 455 U.S. 624, 631, (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *Rarey v. State*, 616 N.W.2d 531, 532 (Iowa 2000) (finding a challenge to a prison disciplinary action was rendered moot by absolute discharge of prison sentence); *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (finding challenge to propriety of work release revocation moot since defendant completed his one-year jail term and was released); *Cordova v. State*, No. 10-1458, 2013 WL 988898, at *3 (Iowa

Ct. App. Mar. 13, 2013) (holding that even if district court lacked authority to order defendant to complete assaultive behavior class, defendant's discharge of sentence rendered the challenge moot); *State v. Ennenga*, No. 10-1490, 2011 WL 3480963, at *3 (Iowa Ct. App. Aug. 10, 2011) (finding expiration of prison term rendered challenge to illegal sentence moot).

It is true that Campbell's jail time has been served. However, the 226 days of jail time was to be served consecutive to his two-year sentence for the conviction on the assault charge in FECR087710. Additionally, his two ten-year sentences for his sex-abuse convictions in FECR338972 were also to be served consecutive to the sentence imposed in FECR087710.

Iowa Code section 901.8 provides:

> If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence. If a person is sentenced for escape under section 719.4 or for a crime committed while confined in a detention facility or penal institution, the sentencing judge shall order the sentence to begin at the expiration of any existing sentence. If the person is presently in the custody of the director of the Iowa department of corrections, the sentence shall be served at the facility or institution in which the person is already confined unless the person is transferred by the director. Except as otherwise provided in section 903A.7, if consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment.

Because the district court specified in its orders that Campbell's sentences to several terms of confinement were to be served consecutively, the sentences were to be construed as one continuous term of imprisonment. *See* Iowa Code § 901.8; *see also State v. Mott*, 731 N.W.2d 392, 394 (Iowa 2007).

Iowa Code section 903.4 provides:

> All persons sentenced to confinement for a period of one year or less shall be confined in a place to be furnished by the county where the conviction was had . . . . All persons sentenced to confinement for a period of more than one year shall be committed to the custody . . . of the Iowa department of corrections . . . .

Campbell asserts his convictions in FECR089563 and FECR087710 are illegal because, added together, his sentence was for more than one year of incarceration, meaning the district court's sentence to the contrary was without authority. Because Campbell has not served his entire term of imprisonment for his convictions in FECR089563, FECR087710, and FECR338972, if his sentences in the two earlier cases were illegal, the matter cannot be moot.

### B.  Sentence Legality.

We therefore turn to the legality of Campbell's sentences in FECR089563 and FECR087710. The imposition of any portion of a sentence must be statutorily authorized. *See State v. Louisell*, 865 N.W.2d 590, 597 (Iowa 2015). "The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power." *State v. Ohnmacht*, 342 N.W.2d 838, 842 (Iowa 1983) (citation omitted). "A sentence not permitted by statute is void." *Id.* "The court may correct an illegal sentence at any time." Iowa R. Crim. P. 2.24(5)(a); *see also In re Det. of Stenzel*, 827 N.W.2d 690, 700 (Iowa 2013).

Several decisions come into play here when discussing sections 901.8 and 903.4. First, in *State v. Patterson*, Patterson was sentenced to two terms of confinement in jail to be served consecutively with each other for a total of 420 days. 586 N.W.2d 83, 83 (Iowa 1998). The Iowa Supreme Court noted that, "pursuant to section 901.8, consecutive sentences are to be viewed as one

continuous term of imprisonment for purposes of designating the proper place of confinement under section 903.4." *Id.* at 84. Because Patterson's two consecutive sentences added together totaled 420 days, and 420 days is greater than 365 days (one year), section 903.4 required that Patterson's sentences be served in the custody of the department of corrections. *See id.* Since the district court did not designate the department of corrections as the proper place of confinement for serving his sentences, the court vacated Patterson's sentences and remanded for resentencing. *See id.*; *see also State v. Kapell*, 510 N.W.2d 878, 881 (Iowa 1994) (vacating sentence because illegal and remanding for resentencing); *State v. Morris*, 416 N.W.2d 688, 690 (Iowa 1987) (same).

A similar argument was later asserted in *Mott*, 731 N.W.2d at 394. There, Mott was sentenced to a 150-day term of imprisonment for his contempt conviction to be served in the county jail. *See id.* In the criminal action, Mott was sentenced to a one-year term of imprisonment, to be served in the county jail. *See id.* The district court ordered that Mott serve the one-year sentence consecutive to the 150-day sentence, but it directed that both sentences were to be served in county jail. *See id.* at 394-95. Mott argued that under *Patterson* and related cases, his sentence was illegal because added together, the total term exceeded one year and required confinement to the department of corrections under section 903.4. *See id.* at 394.

The Iowa Supreme Court distinguished *Mott* based on the offenses for which Mott had been sentenced. *See id.* at 395. The court noted that "[c]ontempt proceedings are quasi-criminal, not criminal, in nature," and, under section 665.4, are an act of punishment unlike an ordinary sentence. *Id.* at 394. This distinction

meant the "sentence" imposed for contempt did not factor into the totality of the term of imprisonment. *See id.* at 394-95. Removing the 150-day term of confinement for contempt from the equation, the remaining one-year term of incarceration for the underlying crime to be served in county jail was proper under section 903.4. *See id.* at 395. In a later case discussing *Mott*, the Iowa Supreme Court recognized "*Mott* stands for the proposition that a jail term for contempt does not trigger credit under Iowa Code section 903A.5(1)." *State v. Calvin*, 839 N.W.2d 181, 186 (Iowa 2013).

Campbell concedes in his brief that *Mott*, "on its face, . . . appears controlling." Campbell askes that we overturn the holding in *Mott*. As an intermediate appellate court, we have no such power. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). Thus, the district court's imposition of jail time as punishment for the many findings of contempt was not illegal or in violation of Iowa Code section 903.4.

Campbell's appeal challenges the legality of his sentence to 226 days of jail time before his incarceration in prison. Though he did not break the 226-day sentence down, forty-five days of that sentence was an ordinary sentence, not one for contempt. Applying the reasoning of *Patterson* and *Mott*, the sentencing court should have ordered Campbell's forty-five-day sentence in FECR089563 be

served in the custody of the department of corrections consecutive to Campbell's two-year sentence in FECR087710. Thus, the district court's sentence to a forty-five-day term of confinement in the county jail was illegal. On that basis, the PCR court should have granted Campbell's PCR application. We must therefore remand the case to the PCR court to vacate Campbell's sentence in FECR089563 and remand for resentencing and recalculation of his earned time as applicable to his sentences in FECR089563, FECR087710, and FECR338972. We affirm in all other respects.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**