# IN THE COURT OF APPEALS OF IOWA

No. 13-0985
Filed June 11, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMY L. RUTTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

        Jeremy Rutter appeals the district court's denial of his motion to amend the sentencing order. **AFFIRMED.**

        John G. Daufeldt of Daufeldt Law Firm, P.L.C., Conroy, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Adam Kenworthy, Student Legal Intern, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Jeremy Rutter appeals the district court's denial of his motion to amend the sentencing order, asserting there is a discrepancy between the court's intention expressed during the sentencing hearing and the order with regard to Rutter's credit for time served. However, pursuant to Iowa Code sections 901.6 and 903A.5(1) (2013), the district court is not required to calculate the number of days to be credited for time served, and therefore, the court need not amend its sentencing order. Consequently, we affirm.

On March 4, 2013, Rutter was arrested for driving without a license. On May 24, 2013, Rutter pled guilty to driving while barred in violation of Iowa Code sections 321.561 and 321.560. A sentencing hearing was held on May 24 as to this case and Rutter's probation revocation charge, and a sentencing order was issued on the same day. Rutter filed a motion to amend the sentencing order, claiming the district court should have included the credit for time served in the order, and should amend the sentencing order through a nunc pro tunc order. The court denied the motion on June 11, and Rutter appeals.

We review the district court's order for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

We agree with the State that Rutter's argument is misplaced. The district court is not required to calculate the number of days credited for time served. Rather, that is the province of the sheriff's office. *See* Iowa Code §§ 901.6, & 903A.5(1); *State v. Hawk*, 616 N.W.2d 527, 529–30 (Iowa 2000) (holding that the credit for time served "is a calculation that could simply not be made by the

judge at sentencing" and that such credit is calculated pursuant to statute). Consequently, the district court properly denied Rutter's motion to amend.

**AFFIRMED.**