Anthony R. **MARTIN–TRIGONA, Appellant,**

v.

Elaine **BAXTER, Iowa Secretary of State, and the Iowa Democratic Party, Appellees.**

No. 88–08.

Supreme Court of Iowa.

Feb. 22, 1989.

Anthony R. Martin–Trigona, Middletown, Conn., pro se.

Thomas J. Miller, Atty. Gen., and Julie F. Pottorff, Asst. Atty. Gen., for appellee Baxter.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

Anthony R. Martin–Trigona, a former candidate for the Democratic presidential nomination, sued the Iowa Democratic Party and Elaine Baxter, who is the Iowa Secretary of State, seeking declaratory and injunctive relief regarding the conduct of the 1988 Iowa Democratic presidential caucuses. He alleged that the caucus procedures violated various state and federal statutory and constitutional provisions. The district court dismissed the case upon the appellees' motion.

Martin–Trigona sought our review, and Baxter moved to dismiss his appeal. Among other things, Baxter asserts that the issues raised are moot because the nominating process is over. We agree with her and dismiss the appeal.

■ A moot case is one that no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. *Junkins v. Branstad,* 421 N.W.2d 130, 133 (Iowa 1988). "The test is whether a judgment, if rendered, would have any practical legal effect upon the existing controversy." *Id.*

■ As Baxter contends, resolution of Martin–Trigona's claims would have no effect upon the existing controversy. Martin–Trigona did not challenge the caucus system generally, but only as it was being conducted in *1988,* specifically. The issues Martin–Trigona raised are truly academic because nothing we could do now would affect the 1988 caucuses.

Baxter is also correct in arguing that the "public interest" exception to the mootness doctrine does not apply in this case. The criteria for whether to apply the exception are: " '(1) the public or private nature of the question presented, (2) desirability of an authoritative adjudication for future guidance of public officials, and (3) likelihood of future recurrence of the same or similar problem.' " *Rush v. Ray,* 332 N.W.2d 325, 326 (Iowa 1983).

The first two factors indicate that the exception should not be applied here. We, like the U.S. Supreme Court, think the first amendment associational interests of a political party give its nominee selection processes precedence over most "public" considerations. *Cf. Tashjian v. Republican Party,* 479 U.S. 208, 214, 225, 107 S.Ct. 544, 548–49, 554, 93 L.Ed.2d 514, 523–24, 530 (1986) (party has first amendment associational right to define the "association;" statute limiting primary participation to party members was unconstitutional infringement of that right). The questions Martin-Trigona presents to us are therefore private, rather than public, in nature. As such, public officials have no need for our guidance here.

Further, the likelihood of the recurrence of these issues, as Baxter argues, is "purely speculative." The Iowa Democratic Party might well decide to change its caucus procedures, as it is certainly free to do, before the next presidential election.

In *Meyer v. Grant,* as Martin–Trigona asserts, the Supreme Court said the passing of an election does not necessarily make an election issue moot. 486 U.S. ——, —— n. 2, 108 S.Ct. 1886, 1890 n. 2, 100 L.Ed.2d 425, 432 n. 2 (1988) (dictum). The factors the Court considered in making the mootness decision were whether the issue was likely to recur and whether the duration of the challenged action was long enough for complete litigation to take place. *Id.* Here, Martin–Trigona's argument fails under the first factor, as explained above. He fares no better under the second factor. The caucus system has been used since 1972, a fact Martin–Trigona himself points out; thus, he had plenty of time to litigate a challenge to it.

In summary, we hold that Martin–Trigona's appeal must be dismissed because the issues it raises are moot. The "public interest" exception does not apply here.

We also note that a cursory examination of Martin–Trigona's substantive arguments indicates to us that they are without merit.

APPEAL DISMISSED.