**STATE of Iowa, Appellee,**

v.

**Glenn Michael PATTERSON, Appellant.**

No. 97–846.

Supreme Court of Iowa.

Sept. 23, 1998.

---

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, and Brent D. Heeren, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

PER CURIAM.

Glenn Patterson appeals the sentences imposed following his guilty pleas to three counts of serious domestic abuse assault. *See* Iowa Code § 708.2A(2)(b) (1995). Patterson argues the sentencing court erred by designating the county jail as the place of confinement for his consecutive terms of incarceration, which together totaled over one year of imprisonment. *See* Iowa Code §§ 901.8, 903.4. The State contends there was no error because the court suspended the sentences. We agree with Patterson, affirm the judgment, but vacate the sentences and remand for resentencing.

Patterson pleaded guilty in two separate cases to three counts of serious domestic abuse assault in connection with incidents involving his parents. The district court sentenced him to 180 days imprisonment in county jail on two of the counts, to be served concurrently with each other, and 240 days imprisonment in county jail on the remaining count, to be served consecutively with the other sentences. The court suspended the sentences and placed Patterson on probation for two years.

Patterson appeals. He contends the court imposed an illegal sentence by designating the county jail as the place of confinement. He maintains the court was required to order that he serve the sentences in the custody of the director of the Iowa Department of Corrections. We review the court's sentence for correction of errors at law. *State v. Kapell*, 510 N.W.2d 878, 879 (Iowa 1994).

Iowa Code section 903.4 provides in pertinent part:

All persons sentenced to confinement for a period of one year or less shall be confined in a place to be furnished by the county where the conviction was had.... All persons sentenced to confinement for a period of more than one year shall be committed to the custody of the director of the Iowa department of corrections to be confined in a place to be designated by the director....

Each of the sentences imposed by the court on the individual counts was for a term of less than one year. Considered in isolation,

each sentence would consequently be properly served in the county jail.

Patterson points out, however, that one of the sentences was to be served consecutively to the other two. Iowa Code section 901.8 provides in pertinent part:

> If consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment.

We have previously determined that, pursuant to section 901.8, consecutive sentences are to be viewed as one continuous term of imprisonment for purposes of designating the proper place of confinement under section 903.4. *See Kapell*, 510 N.W.2d at 880. When Patterson's consecutive sentences are added together, as required by section 901.8, they total 420 days. This exceeds the one-year period referred to in section 903.4. Under section 903.4, Patterson's sentences should be served in the custody of the director of the department of corrections.

The State argues that because the court suspended the sentences, it did not err by designating that they be served in the county jail. The State contends that section 903.4 only applies to persons who are to be confined, and since Patterson's sentences were suspended, there was no actual sentence of confinement within the meaning of section 903.4.

We disagree. While the suspension of the sentences prevents or delays their execution, it does not alter their character as sentences of confinement. Obviously, Patterson will not actually be confined unless probation is revoked. Nevertheless, the district court must correctly designate the proper place of confinement in the event that should occur. In the present case, the proper place of confinement was in the custody of the director of the department of corrections.

We affirm the judgment entered upon Patterson's convictions, but vacate his sentences and remand for resentencing.

**JUDGMENT OF CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR RESENTENCING.**