**CITY OF BETTENDORF, Iowa,
Petitioner–Appellee,**

v.

**Scott County Auditor Roxanna MOR-
ITZ and Scott County, Iowa, Re-
spondents–Appellants.**

No. 10–1202.

Court of Appeals of Iowa.

April 13, 2011.

Roland M. Caldwell of Scott County Auditor's Office, and Robert Cusack of Scott County Attorney's Office, Davenport, for appellants.

Gregory S. Jager, Bettendorf, for appellee.

Heard by VOGEL, P.J., and DOYLE and TABOR, JJ.

VOGEL, P.J.

The Scott County Auditor, Roxanna Moritz, together with Scott County, Iowa, (the County Auditor), appeal from the district court's ruling interpreting Iowa Code section 69.12 (2009) in favor of the City of Bettendorf, Iowa (the City). The parties disagree as to when a person appointed to fill a vacancy on an elected municipal board would be required to stand for election. Because we find section 69.12 defines "pending election" to include a general election, we reverse.

## I. Background Facts and Proceedings.

The Bettendorf Park Board is a municipal board, whose members are elected by the voters in the City of Bettendorf. In January 2010, a vacancy on the Board occurred due to the resignation of a member whose four-year term of office was to end December 31, 2011. The City Council filled the vacancy by appointing Frank Baden on February 11, 2010, who was to serve until the next "pending election" as defined in section 69.12. The City and the County Auditor disagreed over when Baden was required to stand for election, namely whether the next "pending election" was the upcoming general election in November 2010 or the next municipal election in November 2011.

On April 21, 2010, the City filed a petition for a declaratory judgment seeking resolution of the disagreement. The City moved for summary judgment and the County Auditor also moved for summary judgment. The parties agreed there were no issues of material fact. Both motions came on for hearing and on June 5, 2010, the district court found that the use of "pending election" in section 69.12 implied "elections for which Bettendorf citizens are the exclusive voters for an office" and consequently, Baden was not required to stand for election until the next municipal election scheduled for November 2011. The County Auditor appeals and asserts the district court erred in interpreting section 69.12. "We review the district court's interpretation of a statute for correction of errors at law." *State v. Sluyter,* 763 N.W.2d 575, 579 (Iowa 2009).

## II. Mootness.

Because the general election of November 2010 has already occurred, it would appear that the issue is moot. *See Martin–Trigona v. Baxter,* 435 N.W.2d 744, 745 (Iowa 1989) ("A moot case is one that no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. The test is whether a judgment, if rendered, would have any practical legal effect upon the existing controversy."). Nevertheless, we may reach the issue presented pursuant to the "public interest" exception to the mootness doctrine.

> The criteria for whether to apply the exception are: "(1) the public or private nature of the question presented, (2) desirability of an authoritative adjudication for future guidance of public officials, and (3) likelihood of future recurrence of the same or similar problem."

*Id.* (quoting *Rush v. Ray,* 332 N.W.2d 325, 326 (Iowa 1983)). The factors indicate the exception should be applied here—the question presented is of a public nature, public officials are requesting our guidance, and because general elections are held every two years, the issue is likely to occur again. Therefore, we conclude the exception applies here and reach the issue.

## III. Statutory Interpretation.

Our supreme court has set forth the basic rules of statutory interpretation.

We start with the often-repeated goal of statutory interpretation which is to discover the true intention of the legislature.

Our first step in ascertaining the true intention of the legislature is to look to the statute's language. We do not search beyond the express terms of a statute when that statute is plain and its meaning is clear. Moreover, we must read a statute as a whole and give it its plain and obvious meaning, a sensible and logical construction. Additionally, we do not construe a statute in such a way that would produce impractical or absurd results.

When the legislature has not defined words of a statute, we look to prior decisions of this court and others, similar statutes, dictionary definitions, and common usage.

*Gardin v. Long Beach Mortg. Co.*, 661 N.W.2d 193, 197 (Iowa 2003).

### IV.  Iowa Code Section 69.12.

■ Under Iowa Code section 372.13, the Bettendorf City Council could have chosen to fill the vacancy on the Board either by appointment or by special election. If a city council chooses to fill the vacancy by appointment, the city council must publish notice of its plan to do so. Iowa Code § 372.13(2)(a). The voters may file a petition requiring the vacancy to be filled by a special election and an appointee then serves until the special election is held. *Id.* If a special election is not requested by the voters, the appointee serves until the next "pending election" conducted pursuant to section 69.12. *Id.* An individual elected at the section 69.12 election serves the remainder of the unexpired term. *Good v. Crouch*, 397 N.W.2d 757, 762 (Iowa 1986). If a city council chooses to fill the vacancy by special election, a special election "may be held concurrently with any pending election as pro-vided by section 69.12" if the vacancy will be filled not more than ninety days after it occurs. Iowa Code § 372.13(2)(b); *see also id.* § 39.2(4)(b) (providing a special election for a city may be held on the date of the general election). Otherwise, a special election is "called at the earliest practicable date" and the person elected serves the remainder of the unexpired term. *Id.* § 372.13(2)(b).

■ In the present case, the appointee was to serve until the next "pending election" conducted pursuant to section 69.12. The County Auditor argues a "pending election" as defined in section 69.12 includes a pending general election. Iowa Code section 69.12 provides in part,

When a vacancy occurs in any nonpartisan elective office of a political subdivision of this state, and the statutes governing the office in which the vacancy occurs require that it be filled by election or are silent as to the method of filling the vacancy, it shall be filled pursuant to this section. As used in this section, "pending election" means any election at which there will be on the ballot either the office in which the vacancy exists, or any other office to be filled or any public question to be decided by the voters of the same political subdivision in which the vacancy exists.

In the first unnumbered paragraph of section 69.12, a definition of pending election is set forth. The parties emphasize different words and phrases in the definition. The County Auditor emphasizes the language *"any election* at which there will be on the ballot ... *any other office* to be filled or *any public question* to be decided."  The County Auditor contends the term "any" is defined as one "without restriction" and a general election is an election where offices are filled and public questions decided.  The City emphasizes

the phrase "any other office *to be filled.*" The City contends this requires that the voters of the City be the exclusive voters for an office and a general election is not an election where the city voters will exclusively "fill" an office. Regardless, we do not find either interpretation controls in determining whether a "pending election" includes a general election.

The definitional phrase cannot be read in isolation, but rather in the context of the whole statute. *Gardin*, 661 N.W.2d at 197. Section 69.12 begins with the disputed text,

> As used in this section, "pending election" means any election at which there will be on the ballot either the office in which the vacancy exists, or any other office to be filled or any public question to be decided by the voters of the same political subdivision in which the vacancy exists.

However, the statute continues on to explain when a vacancy must be filled,

> 1. If the unexpired term in which the vacancy occurs has more than seventy days to run after the date of the next pending election, the vacancy shall be filled in accordance with this subsection. The fact that absentee ballots were distributed or voted before the vacancy occurred or was declared shall not invalidate the election.
>
> a. A vacancy shall be filled at the next pending election if it occurs:
>
> (1) Seventy-four or more days before the election, if it is a general election.
>
> (2) Fifty-two or more days before the election, if it is a regularly scheduled or special city election. However, for those cities which may be required to hold a primary election, the vacancy shall be filled at the next pending election if it occurs seventy-three or more days before a regularly scheduled city election

> or fifty-nine or more days before a special city election.
>
> (3) Forty-five or more days before the election, if it is a regularly scheduled school election.
>
> (4) Sixty or more days before the election, if it is a special election.
>
> b. Nomination papers on behalf of candidates for a vacant office to be filled pursuant to paragraph "a" of this subsection shall be filed, in the form and manner prescribed by applicable law, by 5:00 p.m. on:
>
> (1) The final filing date for candidates filing with the state commissioner or commissioner, as the case may be, for a general election.
>
> (2) The candidate filing deadline specified in section 376.4 for the regular city election or the filing deadline specified in section 372.13, subsection 2, for a special city election.
>
> (3) The fortieth day before a regularly scheduled school election.
>
> (4) The twenty-fifth day before a special election.
>
> c. A vacancy which occurs at a time when paragraph "a" of this subsection does not permit it to be filled at the next pending election shall be filled by appointment as provided by law until the succeeding pending election.
>
> . . . .

Iowa Code § 69.12.

In this case, the next pending election includes a vacancy that occurs seventy-four or more days before a general election. *Id.* § 69.12(1)(a)(1). Therefore, a plain reading of the whole statute means a vacancy that occurs the required number of days before a general election must be filled at the next general election. *Id.* If, as the City argues, the next pending election did not include general elections, this phrase would be meaningless. "[A] stat-

ute should not be construed so as to render part of it superfluous." *Casteel v. Iowa Dep't of Transp.*, 395 N.W.2d 896, 898–99 (Iowa 1986).

Moreover, this is consistent with other relevant sections—a special election may be held on the date of the general election and also may be held on the date of a pending election conducted pursuant to section 69.12. Iowa Code §§ 39.2(4)(b), 47.6(2), 372.13(2)(b).

We find that "pending election" pursuant to Iowa Code section 69.12 includes a pending general election. Therefore, we reverse.

**REVERSED.**