# IN THE COURT OF APPEALS OF IOWA

No. 14-1792
Filed June 15, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DANIEL EUGENE BEEMAN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, James D. Birkenholz (plea) and Steven W. Guiter (sentencing), District Associate Judges.

A defendant appeals the judgment and sentence entered following his guilty pleas to operating while intoxicated and driving while barred.  **AFFIRMED.**

Tod J. Beavers of Law Offices of Tod J. Beavers, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Daniel Beeman appeals his convictions and sentences for operating while intoxicated, third offense, and driving while barred. He argues his guilty pleas were not voluntary and lacked a factual basis. He also claims the district court abused its discretion in denying him probation and imposing consecutive sentences. Because Beeman did not file a motion in arrest of judgment in the district court, he is unable to challenge his pleas in this appeal. On the sentencing claim, we find no error because the district court imposed the prison terms Beeman accepted as part of the plea agreement. Therefore, we affirm.

## I.    Facts and Prior Proceedings

The Aerostar van that Daniel Beeman had been driving was fully engulfed in flames and stuck on the railroad tracks across Hull Avenue as he made his way toward a guard shack at a nearby trucking company. Employees called police, who intercepted Beeman as he walked away from the scene. The responding officer found Beeman was unsteady on his feet with slurred and delayed speech and also observed Beeman smelled strongly of alcoholic beverages. Beeman refused field sobriety tests and chemical testing. Police arrested him.

On March 25, 2014, the State charged Beeman with operating while intoxicated (OWI), third offense, a class "D" felony, in violation of Iowa Code section 321J.2 (2013), and driving while barred as a habitual offender, an aggravated misdemeanor, in violation of Iowa Code section 321.561. The State also charged Beeman as habitual offender on the OWI offense as he had two prior felony convictions.

On August 15, 2014, Beeman pleaded guilty to both offenses. The State agreed to dismiss the OWI habitual offender enhancement in exchange for Beeman's acceptance of a prison sentence not to exceed five years on the OWI offense, which sentence was to run consecutively with his two-year term for the driving-while-barred offense. The court accepted his guilty pleas and ordered a presentence investigation (PSI) report.

The district court held a sentencing hearing on September 29, 2014. Beeman contritely told the court: "I am guilty as charged. I was putting life in danger even myself. I realize that." After reviewing the PSI and considering Beeman's age, background, and criminal record, the court imposed consecutive terms in accordance with the plea agreement. The court filed a written order reflecting the same consecutive sentences.

Beeman now appeals.

## II. Standards of Review

We review challenges to guilty pleas for correction of errors at law. *State v. Velez*, 829 N.W.2d 572, 575 (Iowa 2013). We review sentencing claims under that same standard. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

## III. Analysis

### A. Guilty Pleas

Beeman alleges his guilty pleas were involuntary and lacked a factual basis. The State contends Beeman waived those allegations by failing to file a motion in arrest of judgment under Iowa Rule of Criminal Procedure 2.24(3)(a). That rule provides: "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's

right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). A defendant is excused from filing a motion in arrest of judgment if the district court does not advise him of the right to file such a motion and of the consequences of failing to timely pursue that remedy. *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) (discussing Iowa Rule of Criminal Procedure 2.8(2)(d)).

We find the district court discharged its duty under rule 2.8(2)(d). *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016) (reiterating "substantial compliance" standard). Beeman signed a written guilty plea to the OWI offense that informed him "[t]o contest this plea I must file a Motion in Arrest of Judgment within 45 days after this plea but no later than 5 days prior to sentencing." Similarly, his written plea to the driving-while-barred offense read:

> I understand that to challenge this guilty plea based on alleged defects in the plea proceeding I must file a Motion in Arrest of Judgment not later than 45 days after my plea of guilty by no later than 5 days prior to sentencing. I further understand that failure to file the motion precludes my right to assert any challenge to the guilty plea on appeal.

During the plea colloquy, the district court advised Beeman,

> You do have a right to file what's called a motion in arrest of judgment. In other words, if you feel you have a legal basis to set aside your pleas—this is what we just did—that motion must be filed within 45 days of today's date, in no event closer than five days to the sentencing.

Beeman acknowledged the court's advisory.

Considered together, the court's advisory and the written pleas show substantial compliance with rule 2.8(2)(d). *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). Because the district court substantially complied with rule 2.8(2)(d) and Beeman failed to file a motion in arrest of judgment to challenge the

plea proceedings, he has not preserved error on his appellate challenge. *Id.* Accordingly, we decline to address his complaints concerning his guilty pleas.

**B. Sentencing**

Beeman next argues the district court contravened Iowa Rule of Criminal Procedure 2.23(3)(a) because it did not state on the record reasons for the particular sentence. He also alleges the court abused its discretion in sentencing him to prison instead of granting probation. Finally, he claims a discrepancy between the oral and written sentencing orders in their rendition of which sentence was to be served first.

We find no violation of rule 2.23(3)(a) and no abuse of discretion. The district court offered the following succinct reasons for the sentence: "I have reviewed the presentence investigation report. And considering the information contained in there, your age, your background, your criminal record, the court, based upon that, will go along with the plea agreement." The plea agreement required Beeman to serve consecutive prison terms—totaling seven years—on the OWI and driving-while-barred convictions. The sentence gave effect to the parties' agreement; Beeman cannot succeed on his claim the court's reasons were inadequate or its exercise of discretion was unsound. *See State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983).

Finally, we see no discrepancy between the court's oral pronouncement and its written sentencing order. The court directed the sentence for each count to run consecutive to the other. Even if the court's statements could be viewed as confusing, as the State contends, "it is a distinction without a difference." Consecutive terms are construed as "one continuous term of imprisonment."

Iowa Code § 901.8; *see id.* § 903A.7; *State v. Patterson,* 586 N.W.2d 83, 84 (Iowa 1998). Beeman does not explain his assertion that the order of the sentences could result in him "being incarcerated longer than he'd agreed to." Accordingly, we find no cause to vacate the sentences.

**AFFIRMED.**