# IN THE COURT OF APPEALS OF IOWA

No. 16-1208
Filed December 20, 2017

**TROY KERBY,**
     Petitioner-Appellee,

**vs.**

**JERRY KERBY REVOCABLE TRUST,**
     Respondent-Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, Randy S.

DeGeest, Judge.

A trust appeals the district court's denial of its request for a protective order.

**APPEAL DISMISSED.**

Bradley M. Grothe of Craver & Grothe, LLP, Centerville, for appellant.

Steven Gardner of Denefe, Gardner & Zingg, P.C., Ottumwa, for appellee.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**VOGEL, Presiding Judge.**

Jerry Kerby established a revocable trust in 2005. In January 2016, Jerry's son, Troy, filed a lawsuit against the trust alleging he was a "current or former beneficiary" of the trust and requesting the court review the internal affairs of the trust. On March 23, 2016, Jerry answered the lawsuit as the trustee, and he asserted the action should be dismissed because Troy did not have standing to petition the court concerning the trust. *See* Iowa Code §§ 633A.3103 (2016) (noting in a revocable trust the "holder of the power" has the rights afforded to beneficiaries and the duties of a trustee are owed to the "holder of the power," not to the beneficiaries), 633A.6202 (providing "a trustee or beneficiary of a trust may petition the court concerning the internal affairs of the trust or to determine the existence of the trust"). On the same day he answered the petition, Jerry also filed a motion for a protective order seeking to prevent discovery regarding the trust until Troy's standing to bring the lawsuit could be litigated.

Troy resisted the motion for a protective order, asserting Jerry was not competent, which made the revocable trust irrevocable. *See In re Trust No. T-1 of Trimble*, 826 N.W.2d 474, 484 (Iowa 2013) (noting a trustee owes his duties to the settlor of a revocable trust so long as the settlor is alive and competent); *see also* Iowa Code § 633A.3101 ("To create, revoke, or modify a revocable trust, the settlor must be competent. An aggrieved person shall have all causes of action and remedies available to the aggrieved person in attacking the creation, revocation, or modification of a revocable trust as one would if attacking the propriety of the execution of a will."). In April 2016, Troy also served discovery

requests on the trust seeking Jerry's medical information and the documents creating and amending the trust.

Soon after, Jerry filed a motion for summary judgment, wherein Jerry asserted he is the settlor and trustee of the trust in question and he believed he was still competent to carry out the administration of the trust. He asserted Troy had no right, title, or interest in the trust, and Troy lacked standing to bring the action to review the internal affairs of the trust. Attached to the motion was Jerry's affidavit that asserted he was alive and competent. The affidavit admitted his wife acted as trustee of the trust for a short time during Jerry's hospitalization in 2015, he approved of the actions she took as trustee during that time, and he resumed the office of trustee after his hospitalization. Jerry also attached a redacted copy of the trust document.

After a hearing, the district court denied the motion for a protective order on May 16, 2016, stating Troy "may seek and discover evidence relevant to the competence of the settlor, including changes the settlor may or may not have made to the trust during any alleged incompetence." Jerry filed a motion to enlarge and amend the district court's decision asking the court to, among other things, find Troy is not a beneficiary of the trust and thus has no standing to maintain the action. The court, finding the standing issue was not before the court when it ruled on the protective order, denied the motion, and Jerry appealed.

Following the notice of appeal, Jerry died, and Troy filed a motion to dismiss the appeal as moot. Troy asserted that after Jerry's death he was provided unredacted copies of the document creating the trust along with the trust amendments in 2010 and 2015. He further asserted that all issues concerning the

validity of the trust and any amendments thereto must now be brought in a probate proceeding. *See* Iowa Code § 633A.3108. The trust, through the successor trustee, Jerry's surviving spouse, Carol, resisted the motion to dismiss the appeal as moot, maintaining that Jerry's death did not affect Troy's lack of standing to maintain the action. The successor trustee attached to the resistance the trust document and the amendments, which provide Troy was originally a beneficiary of the trust and a successor trustee, but he was removed as a beneficiary of the trust and as a nominated successor trustee on July 30, 2015, by an amendment signed by Jerry.

Troy filed a supplement to his motion to dismiss the appeal informing this court that he has now filed a separate action in district court challenging the validity of the July 30, 2015 amendment to the trust and alleging undue influence and incompetence. He stated it was his intention to move to consolidate the newly filed action with the matter currently on appeal before this court. Troy again asserted the death of Jerry; the newly filed suit against the now irrevocable trust; the production of the trust documents, which were initially the subject of the motion for the protective order; and his standing as an heir to challenge the irrevocable trust, make this current appeal moot. *See id.* § 633A.3110(2) (providing a "trustee may give notice . . . to creditors, heirs, and the surviving spouse of the settlor for the purpose of establishing their rights to contest the trust and to file claims against the trust assets").

A case is moot if it "no longer presents a justiciable controversy because the issues involved have become academic or nonexistent." *Martin-Trigona v. Baxter*, 435 N.W.2d 744, 745 (Iowa 1989). The district court ruling that is on appeal

before us is the denial of the trustee's motion for a protective order for the revocable trust. The protective order sought to prevent Troy from obtaining copies of the trust documents during discovery. Those documents have now been turned over to Troy as a result of the death of Jerry, the settlor. Thus, any decision this court renders regarding the validity of the district court's decision to deny the protective order would have no force or affect—the documents have already been produced to Troy.

The successor trustee asserts this appeal is not moot and the protective order should have been granted because Troy does not have standing to maintain the action against the revocable trust. However, the district court has not yet ruled on the standing issue. This issue was raised in the trustee's motion for summary judgment, and that motion was pending at the time the trustee appealed the district court's denial of the protective order. Once discovery regarding Jerry's competency is complete, the district court can then determine whether Troy has standing to petition for a review of the internal affairs of the trust.

Because we conclude the appeal of the district court's decision on the motion for a protective order is moot,[1] this appeal is dismissed, and the case is

---

[1] Even if we were to determine the exception to the mootness doctrine applied, we would conclude the district court did not abuse its discretion in denying the motion for a protective order. *See Homan v. Branstad*, 864 N.W.2d 321, 330 (Iowa 2015) (outlining the public-importance exception to the mootness doctrine). The issue of whether Troy has standing to bring the action to review the internal affairs of the revocable trust turns on whether Jerry was competent when he executed the amendment to the trust in 2015 that removed Troy as a beneficiary and as a successor trustee. Permitting limited discovery regarding the issue of the competency of the settlor and the trust documents was not an abuse of the wide discretion granted to the district court over matters pertaining to discovery. *See Comes v. Microsoft Corp.*, 775 N.W.2d 302, 305 (Iowa 2009) ("A trial court has wide discretion to enter a protective order pursuant to Iowa Rule of Civil Procedure 1.504. We review the district court's decisions regarding discovery for an abuse of discretion.").

remanded to the district court for further proceedings.

**APPEAL DISMISSED.**