**IN THE COURT OF APPEALS OF IOWA**

No. 19-2010
Filed February 3, 2021

**JOSE LOPEZ,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Buchanan County, Margaret L.

Lingreen, Judge.

Jose Lopez appeals the denial of his postconviction-relief application.

**APPEAL DISMISSED.**

Stuart G. Hoover, East Dubuque, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

Jose Lopez appeals the denial of his postconviction-relief application. He contends the postconviction court erred in "refusing to take up the matter of [his] illegal sentence." For reasons that will become apparent, we conclude the issue is moot.

The complicated procedural history began with a jury finding of guilt on a charge of stalking.[1] The court sentenced Lopez to a prison term not exceeding five years. In imposing sentence, the court gave Lopez credit for time served on the stalking charge but not for time served on "underlying charges" involving violation of a no-contact order. The court reasoned, "The violations of the no contact order" were "separate and distinct" and Lopez would "be sentenced and serve that in jail."

Lopez completed his prison term for stalking in 2018 and he immediately began serving jail time on the misdemeanor sentences for violation of the no-contact order. While he was serving those sentences, Lopez filed a postconviction-relief application alleging that "this no contact order violation sentencing that [he was] in Buchanan Co[unty] Jail for should have been included in [his] conviction." Lopez's attorney amended the petition to allege in part: "Trial counsel failed to adequately request that [Lopez's] sentence be run concurrently with previously-imposed sentences for numerous violations of a no contact order

---

[1] The jury also found Lopez guilty of indecent exposure. That conviction was reversed on appeal, as was a surcharge imposed in connection with the stalking conviction. *See State v. Lopez*, 907 N.W.2d 112, 121–24 (Iowa 2018).

against [him] for conduct which formed part of the basis for the underlying criminal charge in this case."

During a break in a hearing on the amended postconviction-relief application and following a discussion with the court about the misdemeanor sentences, Lopez's attorney amended the application a second time. He alleged (1) Lopez's "total sentence imposed for the simple misdemeanors was 990 days (2.71 years)"; (2) on his release from the sentence on the stalking charge, he began "serving the remaining 2.71 years of incarceration at the Buchanan County Jail"; (3) "[b]ecause [his] sentence exceeded one year, his sentencing order for the simple misdemeanors should have committed [him] to the custody of the department of corrections"; and (4) "[b]ecause the sentencing order did not, it [was] an illegal sentence." Postconviction counsel raised the sentencing issue under an ineffective-assistance-of-trial-counsel rubric. When the postconviction hearing resumed, the district court orally denied the second amended application on the ground that the amendment "would change the complexion of" the case, the issue was not "adequately identified" for the State, and the trial attorney who represented Lopez on the stalking charge was not the attorney who represented him in the misdemeanor cases.

Five days after the court's verbal denial of his second amended postconviction-relief application, Lopez filed a motion to correct an illegal sentence in the underlying criminal stalking case. He asserted, "Because [his] sentence exceeded one year, his sentencing order for the simple misdemeanors should have committed [him] to the custody of the department of corrections."

Meanwhile, the postconviction court filed a written order on Lopez's postconviction-relief application, again denying the claim that his trial attorney was ineffective in failing to seek "concurrent sentencing" on the misdemeanor sentences. Lopez filed a notice of appeal.

Two days after the notice of appeal was filed, the criminal court filed a detailed order taking no action on the stalking case "for lack of jurisdiction" but granting Lopez's "motion [to correct illegal sentence] in the following remaining cases: SMCR080160-184; SMCR080186-193; SMCR080204-227; SMCR080232; SMCR080300-327; SMCR080328-337; and SMCR080342-356." The court explained, "Iowa Code § 901.8 states in part that '[i]f consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment.'" Based on that provision, the court stated the sentencing court "should have committed the Defendant to the custody of the director of the Iowa Department of Corrections." The court ordered Lopez "immediately committed to the Iowa Department of Corrections to serve the remainder of his sentence in these cases."[2]

---

[2] The supreme court has considered this issue on several occasions. *See, e.g.*, *State v. Patterson,* 586 N.W.2d 83, 84 (Iowa 1998) ("When Patterson's consecutive sentences are added together, as required by section 901.8, they total 420 days. This exceeds the one-year period referred to in section 903.4. Under section 903.4, Patterson's sentences should be served in the custody of the director of the department of corrections."); *State v. Kapell*, 510 N.W.2d 878, 880 (Iowa 1994) (concluding consecutive sentences of two years and five days constituted "one continuous term of imprisonment under section 901.8" and the district court imposed an illegal sentence by ordering the defendant to serve five days of his continuous term in the county jail); *State v. Morris*, 416 N.W.2d 688, 689–90 (Iowa 1987) (holding section 901.8 required that two concurrent terms of one year each to be served consecutively to a one-year prison term had to be viewed as one continuous term, requiring commitment to the custody of the director of the department of corrections).

As noted at the outset, we are faced with Lopez's appeal from the court's denial of his postconviction-relief application. Lopez asserts, "[T]he sentence in [the stalking case] was run consecutive to the sentences in the companion cases for violation of the no contact order," and "[s]ince the consecutive sentences are to be considered continuous, the [d]istrict [c]ourt's sentence to jail and prison time consecutive to one another and consecutive to the jail time ordered in the companion cases is not authorized by statute." This is the identical issue raised and decided in Lopez's successful motion to correct an illegal sentence filed in the underlying criminal case. That brings us to the mootness doctrine.

"A moot case is one that no longer presents a justiciable controversy because the issues involved have become academic or nonexistent." *Martin-Trigona v. Baxter*, 435 N.W.2d 744, 745 (Iowa 1989). "[C]ourts do not decide cases when the underlying controversy is moot." *Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005). The doctrine may be raised on our own motion. *See Homan v. Branstad*, 887 N.W.2d 153, 159 (Iowa 2016) (requesting statements addressing possible mootness of appeal on the court's own motion); *Albia Light & Ry. Co. v. Gold Goose Coal & Mining Co.*, 176 N.W. 722, 723 (Iowa 1920), *on reh'g*, 185 N.W. 571 (Iowa 1921) ("It is our duty on our own motion to refrain from determining moot questions.").

Having obtained the relief he now seeks, Lopez's appeal is moot. Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**