# IN THE COURT OF APPEALS OF IOWA

No. 20-0906
Filed June 30, 2021

**IN THE MATTER OF THE CONSERVATORSHIP OF JUSTIN PAUL SULZNER,**

**JUSTIN PAUL SULZNER,**
        Ward-Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.


        Justin Sulzner appeals district court orders filed in his temporary involuntary

conservatorship. **APPEAL DISMISSED.**


        Justin P. Sulzner, Cedar Rapids, self-represented appellant.

        Benjamin M. Lange of Swisher & Cohrt, P.L.C., Independence, for appellee.


        Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

After contesting the decree dissolving his marriage to Terri Sulzner in a prior appeal,[1] Justin Sulzner now challenges various orders in a related case establishing an involuntary conservatorship over him. The district court has since terminated that conservatorship. Justin claims the court erred in four ways: (1) appointing Terri as his temporary conservator, (2) allowing an "ineffective" attorney to represent him in the conservatorship proceeding, (3) approving the conservator's final report, and (4) using threats and intimidation to coerce him into signing the divorce stipulation that included a provision on conservatorship attorney fees. Because all four claims arise from a temporary conservatorship that no longer exists, we find Justin's appeal is moot. Having found no justiciable controversy, we dismiss the case.[2]

After the parties separated in 2019, Terri petitioned for an involuntary conservatorship over Justin, alleging his mental illness impaired his decision-making capacity. Based on her allegations, the district court appointed an attorney to represent Justin at the contested hearing under Iowa Code section 633.118–.120 (2019). Rather than wait for the hearing, Terri asked the court "to appoint a conservator on an emergency basis." She asserted that, within

---

[1] In January 2020, Justin appealed the parties' stipulated divorce decree. *See In re Marriage of Sulzner*, No. 20-0218, 2021 WL 210761 (Iowa Ct. App. Jan. 21, 2021). He argued the binding stipulation was unfair because the district court and the attorneys pressured him into signing the agreement at the combined dissolution and conservatorship hearing. *Id.* at *3. Because Justin failed to preserve error on his appellate claims, we affirmed the decree earlier this year. *Id.* at *2–3.

[2] In briefing, Terri challenges Justin's appeal as both moot and untimely. Because we opt to resolve the issues on mootness, we need not reach the timing issue.

a few days, Justin had "applied for at least [two] new credit cards," "gotten access to precious metals," and was planning "to buy several thousand dollars-worth of merchandise." Finding an ex parte order inappropriate, the court denied Terri's application. But as an alternative, the court scheduled a hearing for both sides to present evidence on the proposed temporary conservatorship.

Following the hearing in late August 2019, the district court agreed intervention was necessary based on evidence Justin suffered "medical conditions" that rendered him "currently unable to handle his finances." Granting her request in the original petition, the court appointed Terri as his temporary conservator. In appointing her, the court reflected: "The Sulzners are not legally separated, [and] no dissolution of marriage proceedings are on file or planned." Justin did not contest the court's ruling establishing the temporary conservatorship.

Two months later, Justin sent a personal letter to the court, requesting a new attorney. His letter complained that his current attorney was refusing to "file any actions disputing the conservatorship that was granted to [his] soon to be ex-wife." Representing himself, Justin then moved to dismiss the temporary conservatorship. Justin also asked the court to order the release of $4000 so he could hire a divorce attorney.[3]

Terri resisted all three requests. She claimed allowing Justin to hire a new attorney at this stage of the litigation would serve only to "reduce [his] assets and the marital assets as a whole." She clarified that she had no "objection to funds

---

[3] When Justin filed for divorce in October 2019, the temporary conservatorship was still in place.

being distributed to [Justin's] attorney for continued representation including but not limited to dissolution of marriage." As for the motion to dismiss, Terri urged "any assets should continue to be protected by this court-ordered conservatorship" given Justin's mental impairment.

While those motions were pending, the parties changed course. They disclosed to the court they reached a "tentative" agreement resolving both the conservatorship and the dissolution. Relying on that assurance, the court combined the two proceedings for a final hearing. In the same order, the court ruled Justin's motion for change of counsel was moot.

The court incorporated the parties' written stipulation in the January 2020 divorce decree. Beyond the distribution of marital assets, that agreement included a provision on the conservatorship, stating

> [Justin] expects that, following Court approval of this Stipulation and entry of Decree adopting the same: (a) the conservatorship shall abate and terminate; (b) both parties expect that [Terri] shall be discharged as Conservator; and (c) all property of the parties divided herein shall belong to each of them solely.

Honoring those agreed-upon terms, the court terminated the conservatorship and discharged Terri as conservator the next day. Despite that final order, the court entered a "nunc pro tunc order" requiring Terri to file a final report in the conservatorship. *See* Iowa Code § 633.670(3) (2020). In June, the district court ruled "the final report is approved and the conservatorship is closed. Costs are taxed to the conservator." From that order, Justin appealed.

Before addressing Justin's appellate claims, we must confront Terri's contention that this appeal should be dismissed as moot. *See Homan v. Branstad*, 864 N.W.2d 321, 327 (Iowa 2015) (describing mootness as "a threshold

question"). Under the mootness doctrine, we refrain from deciding a case "that no longer presents a justiciable controversy because the issues involved have become academic or nonexistent." *Martin-Trigona v. Baxter*, 435 N.W.2d 744, 745 (Iowa 1989). To determine whether an appeal is moot, we consider "whether a judgment, if rendered, would have any practical legal effect upon the existing controversy." *Junkins v. Branstad*, 421 N.W.2d 130, 133 (Iowa 1988).

Applying that test, we agree Justin's claims are not justiciable. The challenged orders on the appointment of a temporary conservator, designation of the ward's attorney, and approval of the conservator's report became academic when the court terminated the conservatorship in January 2020. *See Iowa Bankers Ass'n v. Iowa Credit Union Dep't*, 335 N.W.2d 439, 442 (Iowa 1983) ("The department's rescission of the 1979 real estate loan rules renders academic any decision by this court as to their validity."). Put another way, our view on those actions would have no practical legal effect on the parties' present circumstances. For instance, Justin challenges the court's approval of Terri as his temporary conservator, arguing there was a conflict of interest based on their "impending divorce." But no matter if we agree with Justin's contentions, a conflict of interest no longer exists. Nor is there "a live dispute between the parties" on the divorce because that has also since been finalized. *See State ex rel. Turner v. Scott*, 269 N.W.2d 828, 831 (Iowa 1978). Because the court already discharged Terri as temporary conservator, the challenge to her appointment is moot.

In that same vein, the remaining issues disappear with the termination of the conservatorship. Justin attacks only those rulings predating the termination order that were adverse to his position at that specific time. But we have rejected

similar as-applied claims when the underlying action has been concluded. *See Martin-Trigona*, 435 N.W.2d at 745 (dismissing appeal as moot because "Martin–Trigona did not challenge the caucus system generally, but only as it was being conducted in *1988*, specifically" and "nothing [the court] could do now would affect the 1988 caucuses"); *State v. Hernandez-Lopez*, 639 N.W.2d 226, 233 (Iowa 2002) (declining to address constitutionality of witness-arrest statute "as applied to their specific factual situation" because defendants were later released from custody). As Justin obtained the relief he sought in the district court—namely terminating the conservatorship—our resolution of issues tied to the existence of the conservatorship would have no practical effect. Because Justin's appellate claims stem from a conservatorship that is no longer in effect, the case is moot. Thus, we dismiss the appeal.[4]

Finally, Terri seeks attorney fees for the costs of defending this appeal. In considering her request, we weigh her obligation to defend, along with her financial needs and Justin's ability to pay. *See In re Guardianship of G.G.*, 799 N.W.2d 549, 554 (Iowa Ct. App. 2011) (citing Iowa Code section 633.551(5)). While we appreciate Terri's efforts as appellee to address the claims on appeal, we do not find Justin in a position to pay her attorney fees. We do assess the costs to Justin.

**APPEAL DISMISSED.**

---

[4] Justin did not file a reply brief addressing any of the exceptions to the mootness doctrine. In any event, we have considered the exceptions and find they do not apply under these facts. *See In re Guardianship of Kennedy*, 845 N.W.2d 707, 711 (Iowa 2014) ("An exception to the general rule exists 'where matters of public importance are presented and the problem is likely to recur.'" (quoting *In re M.T.*, 625 N.W.2d 702, 704 (Iowa 2001))); *In re B.B.*, 826 N.W.2d 425, 429 (Iowa 2013) (noting "an appeal is not moot if a judgment left standing will cause the appellant to suffer continuing adverse collateral consequences").