# IN THE COURT OF APPEALS OF IOWA

No. 20-1626
Filed August 18, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DOMONIQUE DESHAWN PARROW SR.,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Patrick A. McElyea,

Judge.


        Domonique Parrow Sr. appeals the sentence imposed following convictions

for guilty of driving while barred and driving while suspended. **SENTENCE**

**VACATED AND REMANDED.**


        Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

The district court found Domonique Parrow Sr. guilty of driving while barred and driving while suspended. *See* Iowa Code §§ 321.561, 321J.21 (2018). The court sentenced Parrow to a prison term "not to exceed two years" on the driving-while-barred count and a one-year jail term on the driving-while-suspended count. The court suspended the sentences and placed Parrow on probation. In a case that is not the subject of this appeal, Parrow also was committed to the Iowa Department of Corrections for a period not exceeding five years on a conviction of operating a motor vehicle while intoxicated (OWI), third or subsequent offense. Parrow appealed.

Parrow contends "the District Court imposed an illegal sentence" in sentencing him "to both jail and prison when the total concurrent sentence amounted to more than one year and he was presently committed to the Department of Corrections" on the OWI conviction. He asks us to vacate the sentencing order "to the extent it specifies a jail sentence." Statute and precedent require that result.

Iowa Code section 903.4 states:

> All persons sentenced to confinement for a period of one year or less shall be confined in a place to be furnished by the county where the conviction was had unless the person is presently committed to the custody of the director of the Iowa [D]epartment of [C]orrections, in which case the provisions of section 901.8 apply. All persons sentenced to confinement for a period of more than one year shall be committed to the custody of the director of the Iowa [D]epartment of [C]orrections to be confined in a place to be designated by the director and the cost of the confinement shall be borne by the state. The director may contract with local governmental units for the use of detention or correctional facilities maintained by the units for the confinement of such persons.

"Section 903.4 clearly requires that any person sentenced to confinement for a period of more than one year shall be committed to the custody of the [d]epartment of [c]orrections." *State v. Kapell*, 510 N.W.2d 878, 880 (Iowa 1994). Section 901.8 states in pertinent part: "If the person is presently in the custody of the director of the Iowa [D]epartment of [C]orrections, the sentence shall be served at the facility or institution in which the person is already confined unless the person is transferred by the director." Section 901.8, in conjunction with section 903.4, "express a clear legislative intent that no defendant should be held in a county jail facility for more than one year." *State v. Morris*, 416 N.W.2d 688, 690 (Iowa 1987). Suspension of the sentences "does not alter their character as sentences of confinement." *State v. Patterson*, 586 N.W.2d 83, 84 (Iowa 1988).

Parrow was presently in the custody of the department of corrections pursuant to the OWI conviction. He was sentenced to a period of confinement in excess of one year in connection with the charges that are a subject of this appeal. He should have been committed to the department of corrections. We vacate his sentence to the extent it specifies a jail sentence. We remand for entry of a corrected sentencing order consistent with this opinion.

**SENTENCE VACATED AND REMANDED.**