# IN THE COURT OF APPEALS OF IOWA

No. 21-1549
Filed August 3, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEFFERY LEE PEARSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marion County, Dustria A. Relph (guilty plea) and Stacy Ritchie (sentencing), Judges.

Jeffery Pearson appeals his conviction and sentence for domestic abuse assault and assault causing bodily injury or mental illness. **CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED FOR RESENTENCING.**

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

In August 2021, Jeffery[1] Pearson filed separate petitions to plead guilty to domestic abuse assault, second offense, and assault causing bodily injury. In his written guilty pleas, Pearson admitted to committing domestic abuse assault against his wife and assault causing bodily injury against her friend. The written guilty pleas also provided a factual basis for the pleas.

The district court accepted the pleas. In doing so, the court found them to be made knowingly, voluntarily, and intelligently. The court also found a factual basis for the pleas. The court scheduled the matter for sentencing.

Four days after the pleas were accepted, Pearson filed a pro se request for bond reduction, in which Pearson asserted the guilty plea "is not what I want" and "I am not guilty." A few days later, Pearson's counsel filed a written motion to withdraw the guilty plea. Following a hearing, the court found no grounds to withdraw the plea and denied Pearson's motion. The court later sentenced Pearson to 365 days in jail with all but 100 days suspended on each count, ran the sentences consecutively, and ordered him placed on probation upon his release from custody. Pearson appeals both the denial of his motion to withdraw his guilty plea and his sentence.

**I.      Challenge to the Plea**

A defendant generally has no right to appeal from a guilty plea unless "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3) (2021). Pearson does not explicitly address good cause in his brief to us. Nevertheless, we will

---

[1] The appellant's first name is spelled as both "Jeffery" and "Jeffrey" throughout the record. The trial information and notice of appeal use "Jeffery," and so do we.

evaluate whether good cause exists for us to consider both of Pearson's issues. *See State v. Hoxsey*, No 20-1531, 2022 WL 108559, at *1 (Iowa Ct. App. Jan. 12, 2022) (considering sua sponte whether good cause exists to hear the defendant's appeal from a guilty plea); *id.* at *2–3 (Ahlers, J., concurring) (discussing the problems that may arise when a defendant does not address good cause); *see also State v. Davis*, 971 N.W.2d 546, 554 (Iowa 2022) (acknowledging that a defendant "should have discussed section 814.6(1)(a)(3)" in his brief "to show he met the good-cause requirement," but nevertheless finding good cause when the issue raised is one for which good cause has been found to exist). "Good cause" is defined "broadly." *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022). "'[G]ood cause' in section 814.6 means a 'legally sufficient reason'" and "is context specific." *Id.* (citations omitted).

As to Pearson's challenge to his guilty plea, he only asserts his plea lacked a factual basis. This court previously found a no-factual-basis claim does not constitute good cause to appeal from a guilty plea. *See State v. Manirabaruta*, No. 20-0025, 2021 WL 4890937, at *3 (Iowa Ct. App. Oct. 20, 2021) ("Until further directed by our supreme court, we decline to find good cause to grant Manirabaruta a right to appeal based on his claim of no factual basis for his guilty plea."). Seeing no reason to depart from our prior holding, Pearson has not established good cause for us to consider his challenge to his guilty plea.[2]

---

[2] We note a defendant may seek discretionary review for "[a]n order denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim." Iowa Code § 814.6(2)(f). However, Pearson does not request discretionary review, and, as explained below, Pearson did not file a motion in arrest of judgment.

We lack authority to consider Pearson's challenge to his guilty plea for another reason. A defendant must file a motion in arrest of judgment "to challenge the adequacy of a guilty plea proceeding" on appeal. Iowa R. App. P. 2.24(3)(a); *see also* Iowa R. App. P. 2.8(2)(d) (stating the court must "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal"). Pearson's brief to us explicitly states his "motions were not a Motion in Arrest of Judgment, but rather a withdrawal of the written pleas of guilty." Iowa courts recognize "a motion to withdraw a guilty plea and motion in arrest of judgment are different motions." *State v. Belieu*, 314 N.W.2d 382, 383 (Iowa 1982); *see also* Iowa Rs. App. P. 2.8(2)(a) (motion for withdrawal of guilty plea), 2.24(3) (motion in arrest of judgment). Pearson appeals the adequacy of his plea proceeding, specifically alleging the court erred in finding a factual basis to support his guilty pleas. Because Pearson did not file a motion in arrest of judgment, he is precluded from challenging the court's finding of a factual basis to support his guilty pleas on appeal. *See State v. Oldham*, 515 N.W.2d 44, 46–47 (Iowa 1994) (finding the defendant, who filed a motion to withdraw his guilty plea due to his claimed lack of specific intent to commit burglary, was precluded from appealing his guilty plea because he did not file a motion in arrest of judgment); *see also Newman*, 970 N.W.2d at 869 (finding a defendant cannot establish good cause to appeal if "Iowa's appellate courts are without authority to provide relief on such claim").

Finding no good cause for Pearson's challenge to his guilty plea, we reject his challenge to his guilty plea, affirm his convictions, and proceed to address his

sentencing challenge.

## II.     Challenge to the Sentence

As to Pearson's challenge to his sentence, our supreme court has found "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Accordingly, Pearson has established good cause to challenge his sentence, so we address the merits of that issue.

Pearson asserts that the district court abused its discretion by not fully suspending the terms of incarceration. He also argues that his sentence violates his constitutional protections against cruel and unusual punishment, claiming his sentence was grossly disproportionate to his crimes. We find it unnecessary to address these challenges to the sentence because we find the sentence illegal and vacate it for another reason.

As noted, the district court sentenced Pearson to serve 365 days in jail with all but 100 days suspended on each count, with the sentences to be served consecutively. Even though neither party raised the issue of the legality of this sentence, we have the discretion to raise the issue of legality on our own, and we choose to do so here. *See State v. Wieneke*, No. 20-0126, 2021 WL 219222, at *1 (Iowa Jan. 22, 2021) (noting an illegal sentence can be corrected at any time, normal rules of error preservation do not apply, and the appellate court has discretion to correct an illegal sentence when it comes to the court's attention).

With the stacking of consecutive sentences, the district court effectively imposed a 730-day jail sentence with all but 200 days suspended. This is an illegal sentence because "[s]entencing is wholly a creature of statute" and "[a] sentence

not authorized by statute is illegal and void." *Id.* (citations omitted). No statute permits imposition of a jail sentence for more than one year. *See State v. Morris*, 416 N.W.2d 688, 690 (Iowa 1987) (noting "a clear legislative intent that no defendant should be held in a county jail facility for more than one year"). In fact, our sentencing statutes prohibit it. Specifically, Iowa Code section 903.4 requires that "[a]ll persons sentenced to confinement for a period of more than one year shall be committed to the custody of the director of the Iowa department of corrections," and section 901.8 dictates that "if consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment." These two sections work in unison to require consecutive sentences that result in a total term of imprisonment in excess of one year to be served in the custody of the director of the Iowa Department of Corrections rather than the county jail. *See State v. Patterson*, 586 N.W.2d 83, 84 (Iowa 1998).

Our supreme court confronted a situation nearly identical to Pearson's in *Patterson*. *Id.* In *Patterson*, the district court sentenced the defendant to serve 180 days in the county jail on each of two charges with the sentences to be served concurrently. *Id.* at 83. The court also sentenced the defendant to serve 240 days in the county jail on a third charge, with that sentence to be served consecutively to the 180-day sentence on the other charges. *Id.* The court suspended the sentences and placed the defendant on probation. *Id.* On appeal, our supreme court noted that, by operation of Iowa Code section 901.8, the consecutive nature of the sentences imposed resulted in a 420-day sentence. *Id.* at 84. Because 420 days "exceeds the one-year period referred to in section 903.4," the sentences

were required to be served in the custody of the director of the department of corrections and not in the county jail. *Id.* The fact that the sentences were suspended did not change the result, because, "[w]hile the suspension of the sentences prevents or delays their execution, it does not alter their character as sentences of confinement." *Id.* The district court is obligated to "correctly designate the proper place of confinement in the event [probation is later revoked]." *Id.*

The identical reasoning and outcome apply here. With the imposition of consecutive sentences, Pearson received a 730-day sentence of confinement. It was illegal to order him to serve that sentence in the county jail rather than in the custody of the director of the department of corrections, even though enough of the sentence was suspended that the currently unsuspended portion of the sentence is less than one year. As the sentence imposed is not permitted by law, it must be vacated and the case remanded for resentencing before a different judge. *See id.* (requiring vacation of sentence and remand for resentencing under these circumstances); *Morris*, 416 N.W.2d at 690 (same). Due to this result, we find it unnecessary to address Pearson's other challenges to his sentence.

**III.    Conclusion**

Finding no good cause to grant a right to appeal based on lack of factual basis supporting Pearson's guilty pleas, we deny his challenge to his guilty pleas. Finding good cause for his challenge to his sentences, we reach that issue and find the district court imposed an illegal sentence of more than one year in jail. Therefore, we affirm Pearson's convictions, vacate the sentences imposed, and remand for resentencing before a different judge.

**CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED FOR RESENTENCING.**